STATE of Iowa, Plaintiff,

v.

IOWA DISTRICT COURT FOR BLACK
HAWK COUNTY, Defendant.

STATE of Iowa, Appellant,

v.

Dale Alan CALDWELL and Susan
Frances Caldwell, Appellees.

No. 90–1062.

Supreme Court of Iowa.

June 19, 1991.

Thomas J. Miller, Atty. Gen., Mark Joel Zbieroski, Asst. Atty. Gen., Thomas J. Ferguson, Co. Atty., and D. Raymond Walton, Asst. Co. Atty., for appellant.

Linda Del Gallo, State Appellate Defender, and B. John Burns, Asst. State Appellate Defender, for appellees.

Considered by McGIVERIN, C.J., and LARSON, LAVORATO, NEUMAN, and SNELL, JJ.

NEUMAN, Justice.

We consolidated the State's petition for writ of certiorari with its application for discretionary review to challenge pretrial rulings in a case involving the alleged delivery of marijuana to minors. The certiorari action attacks a ruling that defendants convicted under Iowa Code section 204.406 (Supp.1989) may be sentenced under the lesser accommodation offense of section 204.410. The State also appeals an order suppressing evidence found to have been obtained in violation of Iowa Code section 808.3 (1989). We sustain the writ, affirm the suppression order, and remand the case for further proceedings.

I. *Background.* In January and March 1990 the Black Hawk County Sheriff's Department received two reports that marijuana was being sold by defendant Susan Caldwell. One of the sales was reported by a minor. On the strength of confidential informants' statements, a detective applied for and received a warrant to search Caldwell's home. The search yielded less than an ounce of marijuana and a few items of drug paraphernalia.

Caldwell and her husband, defendant Dale Caldwell, were charged with one count each of intent to deliver a controlled substance to a person under eighteen years of age in violation of Iowa Code section 204.406(1)(b) (Supp.1989). The statute makes it a class "C" felony for a person eighteen years of age or older to distribute a controlled substance, including marijuana, to a person three years younger than the violator. *Id.* Defendants entered pleas of not guilty.

Two pretrial rulings form the basis for this appeal. In a motion to adjudicate law points, defendants claimed the right to be sentenced (if convicted) as misdemeanants, rather than felons, on the theory that their possession of less than one ounce of marijuana brings them within the accommodation provision of Iowa Code section 204.410. Over the State's objection, the district court interpreted the relevant statutes to permit such sentencing. Defendants next moved to suppress all evidence obtained in the search of their residence, arguing the warrant was issued without the judicial findings of confidential informant reliability required by Iowa Code section 808.3. The court also sustained this motion.

Our review on the State's appeal from these rulings is for the correction of errors at law. *State v. Mann*, 463 N.W.2d 883, 883 (Iowa 1990); *City of Des Moines v. Iowa Dist. Court for Polk County*, 428 N.W.2d 292, 296 (Iowa 1988). We turn first to the certiorari proceeding before addressing the appeal from the suppression order.

■ A. *Motion to adjudicate law points.* By its terms, the statute defining an accommodation offense for purpose of sentencing applies only to defendants who have "violated the provisions of section 204.401, subsection 1 . . . ." Iowa Code § 204.410. Until July 1989, the statute that criminalized sales to minors, Iowa Code § 204.406, also rested the conviction on a violation of section 204.401(1). The statute merely enhanced the penalty for under-age sales. Iowa Code § 204.406 (1989); *cf. State v. Cole*, 421 N.W.2d 888, 890 (Iowa 1988) (reference in section 204.-410 to 204.401(3) reflects legislative intent to encompass both sentencing and classification of offense). The 1989 Code as amended, however, repealed the former

law, deleting reference to section 204.401 and making the sale of drugs to minors a substantive offense. *See* Iowa Code § 204.406 (Supp.1989). Hence the more lenient accommodation sentencing of section 204.410, which has as its base a conviction under section 204.401, has no application to a conviction secured under section 204.406 for offenses committed after July 1, 1989.

The events here took place in early 1990. In its attempt to harmonize sections 204.-410 and 204.406, it appears that the district court overlooked the repealed statute. Counsel for both parties acknowledged this oversight after submission of the case to this court. Clearly these defendants can claim no statutory right to be sentenced as accommodators if they are convicted under Iowa Code section 204.406. Because the district court committed legal error, we sustain the writ of certiorari.

B. *Motion to suppress.* More problematic is the State's claim that the district court should be reversed for suppressing evidence obtained with a search warrant that "substantially complies" with the requirements of Iowa Code section 808.3. The district court rested its suppression order on what it perceived to be an utter lack of statutory compliance. Based on our review of the warrant documents, we must concur in the district court's judgment.

■ The statute governing search warrant applications provides that when the grounds for issuance of a warrant are supplied by an informant the magistrate

> shall include a determination that the information appears credible either because sworn testimony indicates that the informant has given reliable information on previous occasions or because the informant or information provided by the informant appears credible for reasons specified by the magistrate.

Iowa Code § 808.3. We have held that the required findings apply only to *confidential* informants. *State v. Weir,* 414 N.W.2d 327, 331 (Iowa 1987). We have also expressed our belief that the legislature added the quoted language of section 808.3 in direct response to *Illinois v. Gates,*

462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). *State v. Swaim,* 412 N.W.2d 568, 571–72 (Iowa 1987). Thus, in Iowa the validity of a search warrant premised on confidential informant testimony must be measured by more than the "totality of the circumstances" test of *Gates;* warrant documents must include specific findings regarding informant credibility. *Id.; State v. Sykes,* 412 N.W.2d 578, 583 (Iowa 1987).

To facilitate compliance with the findings required by section 808.3, our rules of criminal procedure include suggested forms that utilize a checklist of informant reliability indicia. *See* Iowa R.Crim.P. 30. These same forms provide space for additional narrative commentary by the issuing magistrate. *See id.* Moreover, our prior decisions have upheld warrants that, though lacking in specific magistrate findings, were found to incorporate by reference credibility findings included in the warrant application. *See Swaim,* 412 N.W.2d at 574 (detective identified informant as "mature individual" with "no motivation to falsify the information"); *Sykes,* 412 N.W.2d at 582 (affiant completed reliability section of warrant application by noting corroborating testimony of informants and independent police surveillance of their activities).

The liberality with which we viewed the statutory compliance in *Sykes* and *Swaim,* however, simply cannot be extended to the present case. It is axiomatic that the legality of a warrant is determined by reference to "only that information, reduced to writing, which was actually presented to the magistrate at the time application for the warrant was made." *Weir,* 414 N.W.2d at 329; *State v. Seager,* 341 N.W.2d 420, 426 (Iowa 1983). As the following discussion reveals, the warrant documents before us wholly fail to comply with section 808.3.

The warrant application describes the routine stop of two occupants of a motor vehicle for a traffic violation. One of the two occupants in the vehicle was fifteen years old. One of them volunteered that there was a pipe in the car used for smoking marijuana. A search under the front seat yielded a pipe containing probable

marijuana residue. The two were arrested for possession of controlled substances.

■ During booking, a small quantity of marijuana was found in the driver's shirt pocket. The two were then questioned individually. Without identifying who said what, the application recites that "they" had made several purchases of marijuana from Susan Caldwell at a tavern in Raymond, Iowa, and that other juveniles were making purchases there as well. They had also purchased up to one-quarter of an ounce of marijuana at Caldwell's home. On the day of their arrest, they had purchased three and one-half grams of marijuana from Susan Caldwell at her residence. They learned that Susan Caldwell had at least two ounces of marijuana inside her residence, and they viewed drug paraphernalia including a scale, cleaner, and "power hitter."

Conspicuously absent from the warrant application is any reason why the officer credited the stories given by the unnamed informants as trustworthy. Although the officer used the forms appended to rule 30, not one check mark appears on the list of sixteen criteria under the heading "The informant is reliable for the following reasons: [ ]." *See* Iowa R.Crim.P. 30. Nor is any narrative explanation given under the catchall "other" category. *See id.* The form is simply blank but for the officer's subscription to the affidavit, witnessed by the magistrate.

The magistrate's endorsement is similarly lacking. The choices under the heading "The information appears credible because (select)" show no response. With a check mark the magistrate could have chosen "a. Sworn testimony indicates this informant has given reliable information on previous occasions." or "b. Sworn testimony indicates this informant has not been used before but that either the informant appears credible or the information appears credible for the following reasons." Neither alternative is marked. Nor does the endorsement contain a narrative compliance with section 808.3. Written in the magistrate's hand is merely the following statement: "Information disclosed indicates probable cause and reasonable grounds for issuing search warrant."

In defense of this disregard for section 808.3's requirements, the State suggests the necessary credibility findings are "implicit" in the issuance of the warrant. We are unwilling to engage in the mind reading necessitated by such an argument. This is not, as the State suggests, a case of "substantial compliance." This is *no* compliance.

■ The next question, then, is whether compliance with section 808.3 is necessary to the probable cause finding so fundamental to the legality of all search warrants. We are convinced that, by statute, our legislature has made it so. The plain language of section 808.3 makes the magistrate's credibility findings obligatory, not optional. The term "shall" ordinarily denotes a duty. *In re A.E.O. III,* 437 N.W.2d 238, 239 (Iowa 1989). Moreover, the nature of the prescribed duty is mandatory, not directory. The objective of the statute is to insure that warrants are issued only upon reliable information. To attain this objective, the statute creates a duty on the part of the magistrate to make findings that go beyond the "totality of the circumstances" test of *Gates. Swaim,* 412 N.W.2d at 571–72. Thus, when the testimony of a confidential informant is relied upon for the issuance of a warrant, the required credibility findings do not merely facilitate the proceedings; they go to the very essence of the statute. *See A.E.O. III,* 437 N.W.2d at 239 (contrasting duties essential to the statute with those designed to insure order and promptness).

In response, the State argues that a technical infirmity in the warrant documents should not lead to suppression of the evidence obtained, citing the "good faith" exception of *United States v. Leon,* 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). This court has yet to embrace the *Leon* analysis, and we need not do so here. Even *Leon* requires, at a minimum, that the officer's reliance on the magistrate's probable cause finding be objectively reasonable. *Id.* at 922, 104 S.Ct. at 3420, 82 L.Ed.2d at 698. Where the warrant documents are so facially deficient that no

reasonable officer could presume their validity, or where it appears that the magistrate has "wholly abandoned" the judicial role by serving as a mere rubber stamp for the police, the "good faith" exception does not apply. *Id.* at 923, 104 S.Ct. at 3421, 82 L.Ed.2d at 699.

The warrant documents before us give no indication that the issuing judicial officer acted in a "neutral and detached" manner. *See Swaim,* 412 N.W.2d at 571. Moreover, their incompleteness reveals a disregard for the legal requirements of section 808.3. To condone such lack of compliance with the statute would amount to its judicial repeal.

 Lack of compliance with the statute requires that the issuing magistrate's probable cause determination be measured without reference to the information allegedly given by these informants. *Swaim,* 412 N.W.2d at 574; *Seager,* 341 N.W.2d at 425. With this excision, the application contains only the following facts: Officers "made contact with" Susan Caldwell at a residence in Waterloo where marijuana was observed by a detective, at which time she informed the detective that she worked at Clete and Donna's Bar in Raymond. We cannot say that this information would lead a person of reasonable prudence to believe a crime was being committed at the Caldwell residence in order to lawfully justify its search. *See Seager,* 341 N.W.2d at 427. Because the warrant was not supported by probable cause, the district court properly quashed it and excluded all evidence obtained thereby.

II. *Summary.* The district court erred in its determination that these defendants, upon conviction, could be sentenced as though guilty of only an accommodation offense. Accordingly, the writ of certiorari is sustained. We affirm, however, the district court's suppression of all evidence obtained with the illegal warrant. We remand the case for further proceedings.

WRIT SUSTAINED; DISTRICT COURT JUDGMENT AFFIRMED.