**STATE of Iowa, Plaintiff–Appellee,**

v.

**Jeffrey Wallace JOHNSTON,
Defendant–Appellant.**

**No. 92–1701.**

Court of Appeals of Iowa.

Nov. 29, 1993.

Dan T. McGrevey, Fort Dodge, for appellant.

Bonnie J. Campbell, Atty. Gen., Bridget A. Chambers, Asst. Atty. Gen., James J. Koll, County Atty., and Robert E. Hansen and James Fitzgerald Asst. County Attys., for appellee.

Considered by SCHLEGEL, P.J., SACKETT, J., and KEEFE, Senior Judge.*

---

* Senior judge from the 1st judicial district serving    on this court by order of the Iowa Supreme

SACKETT, Judge.

Defendant-appellant Jeffrey Wallace Johnston appeals his judgment and sentence following conviction for possession of a schedule II controlled substance. He contends the district court should have suppressed evidence seized under search warrants and he was not properly sentenced. We affirm.

Defendant was convicted following trial to the district court on stipulated evidence. The evidence supporting defendant's conviction was seized under four search warrants.

The first of the four warrants was issued on the basis of information supplied to a police officer by an unidentified person. Defendant contends there was not probable cause to issue the first search warrant and the first warrant was not valid because the magistrate failed to comply with the provision of Iowa Code section 808.3 (1991). He contends the subsequent warrants were not valid because they were fruits of the first warrant.

We first address defendant's claim that the magistrate failed to follow the directives of Iowa Code section 808.3 in issuing the first warrant. The warrant was issued on the basis of information supplied by a person who did not appear or testify before the magistrate and whose name was not made known to the magistrate. This person under definition is a confidential informant.

The statute governing search warrant applications provides that when the grounds for issuance of a warrant are supplied by an informant the magistrate:

[S]hall include a determination that the information appears credible either because sworn testimony indicates that the informant has given reliable information on previous occasions or because the informant or the information provided by the informant appears credible for reasons specified by the magistrate.

Iowa Code § 808.3.

The required findings need only be made as to confidential informants. *State v. Iowa Dist. Court,* 472 N.W.2d 621, 623 (Iowa 1991); *State v. Weir,* 414 N.W.2d 327, 331 (Iowa Court.

1987); *see also State v. Sykes,* 412 N.W.2d 578, 583 (Iowa 1987).

The informant had not supplied reliable information on a prior occasion. The magistrate failed to advance any written reasons detailing why the informant appears credible. Iowa Code section 808.3 makes the magistrate's credibility findings obligatory, not optional. *Iowa Dist. Court,* 472 N.W.2d at 624. The duty is mandatory. *Id.* The object of the statute is to ensure warrants are issued only when the information is reliable and, when the warrant is issued on information from a confidential informant unknown to the magistrate, the magistrate's findings go to the essence of the statute. *See id.*

The State, while recognizing the magistrate's omission of findings of credibility, contends the Iowa court has only required substantial compliance with section 808.3, and there was substantial compliance. The State contends there was substantial compliance because the findings of the magistrate include:

The undersigned has relied, at least in part, on the information supplied by a confidential informant (who need not be named) to the peace officer(s) shown on Attachment(s) A and Informant: Attachment.

The attachment the magistrate referred to was a statement of the police officer who had talked to the informant. The statement showed the police officer determined the informant reliable because the police officer found the informant to be a mature individual, a student in good standing, and an individual having no motivation to falsify information and no known criminal record.

The State relies on *Sykes,* 412 N.W.2d at 578, to support its position that the reference to the attachment amounted to a finding by the magistrate that the informant was credible. In *Sykes,* 412 N.W.2d at 582, the court said a magistrate's signature at the bottom of an officer's affidavit indicated the magistrate adopted and approved the instrument. The court determined when the magistrate signed the officer's affidavit, the magistrate adopted

the officer's statement that the informant was reliable. *Id.*

The magistrate in this case did not endorse credibility findings. The most the magistrate did was identify information given.

We determine there was no compliance with the directive of section 808.3 that the magistrate make a finding of credibility. To condone such lack of compliance with the statute would amount to judicial repeal. *Iowa Dist. Court,* 472 N.W.2d at 625. The failure of the magistrate to make findings as to the informant's credibility invalidates the first warrant.

The State contends even if warrants were not valid, the evidence seized in the search should not be suppressed because the officers searched in good faith and in reliance on the warrant.

■ The rule requiring the exclusion at a criminal trial of evidence obtained in violation of the Fourth Amendment is a judicially created remedy designed to safeguard Fourth Amendment rights generally and not a personal constitutional right of the party aggrieved. *Illinois v. Gates,* 462 U.S. 213, 223, 103 S.Ct. 2317, 2324, 76 L.Ed.2d 527, 538 (1983); *United States v. Calandra,* 414 U.S. 338, 348, 94 S.Ct. 613, 620, 38 L.Ed.2d 561, 571 (1974). The question whether the exclusionary rule's remedy is appropriate in a particular context is separate from the question of whether the Fourth Amendment rights of the party seeking to invoke the rule were violated by police conduct. *See Gates,* 462 U.S. at 223, 103 S.Ct. at 2324, 76 L.Ed.2d at 538–39.

■ Suppression of evidence obtained pursuant to a warrant should be ordered only on a case-by-case basis and only in cases where exclusion will further the purpose of the exclusionary rule. *United States v. Leon,* 468 U.S. 897, 918, 104 S.Ct. 3405, 3418, 82 L.Ed.2d 677, 695 (1984).

When an officer acts in good faith under a warrant that is not technically sufficient, there appear to be reasons for finding that excluding the evidence will not further the exclusionary rule in any way. *See Leon,* 468 U.S. at 920–21, 104 S.Ct. at 3419, 82 L.Ed.2d at 697.

In *Iowa Dist. Court,* 472 N.W.2d at 624, the court rejected the state's argument that applying the dictates of *Leon,* a technical problem with the warrant should not lead to suppression of evidence. In *Iowa Dist. Court* the supreme court rejected *Leon* finding the warrant documents were so deficient on their face that no reasonable officer could presume they were valid. *Id.* at 624–25.

Factually, this case is distinguishable from *Iowa Dist. Court* because here a reasonable officer could assume the warrant was valid. But before addressing the good faith exception of *Leon,* we must address defendant's contention that the officer recklessly presented information to the issuing magistrate.

■ Defendant points out the officer did not know the informant prior to their meeting. He contends, therefore, this precluded the officer from making an assessment of such things as the informant's maturity and motive for supplying the information. Defendant also contends the officer should not have omitted known information that the informant had a charge with possession of alcohol as a minor. An officer should not knowingly omit information from a search warrant where the information is relevant to the credibility of the informant. The possession of alcohol as a minor charge does not go to credibility.

Our review of the evidence does not show the officer had a reckless disregard for the truth. The information given supported issuing the warrant. *See State v. Niehaus,* 452 N.W.2d 184, 186–89 (Iowa 1990). The State's position is stronger here than it was in *Iowa Dist. Court,* 472 N.W.2d at 624, where the requesting officer supplied no reason why the informant was trustworthy. We determine the good faith exception of *Leon* should be applied and the warrant not rendered invalid. We affirm.

■ Defendant next contends the sentencing court abused its discretion because it had a sentencing policy and erred in failing to give reasons for the sentence.

At defendant's sentencing hearing, the sentencing court stated:

This Court notes that even though this defendant has successfully completed a prior probation, that is during the probationary period, did not cause any difficulty to his probation officer, nonetheless, he barely lasted nine months from the time his probation ended until the time he was arrested on these charges. *Mr. Johnston, I intend to be a Judge who allows one break and only one break.* You were given probation once before and yet within a short period of time you found yourself involved with difficulty with the law again. I do not believe that probation or suspended sentence is the answer in this case. It is going to be the order of this Court that the defendant shall be incarcerated or transferred to the Department of Correctional Services for incarceration for an indeterminate sentence of ten years, that probation will not be granted nor will suspended sentence be entertained. (Emphasis supplied).

Defendant contends the sole reason the sentencing court denied his request of suspended sentence and probation was his previous suspended sentence and probation. It is not proper for a sentencing court to use only one reason in denying a suspended sentence and probation. Defendant also contends the sentencing court's refusal to consider granting his request for a suspended sentence and probation because of his previous suspended sentence and probation reveals a fixed policy on the sentencing court's part.

The presentence investigation contained a recommendation defendant be sentenced to prison. The recommendation was based on the fact defendant had previously completed a felony probation but committed another offense; the quantity of drugs found in defendant's possession; the opinion of a correctional officer that defendant's offense was part of a sophisticated scheme to traffick in narcotics; and, defendant's lack of job stability.

In sentencing, the court also said:
[I] have had an opportunity also to review the presentence investigation. I note that the Defendant from the time he has left school or maybe even during the time he was going to school had a number of jobs for which he lasted less than a year I think in most cases. He has fathered a child for which he indicates that he had provided absolutely no support. Nonetheless, his counsel advises this Court that he has only been involved in this activity for 30 to 45 days before his arrest, and yet within that period of time has over $5,000.00 in a savings account, has over $700.00 in his personal possession at the time of his arrest, giving this Court the indication that his involvement has been very extreme in regard to the sale of narcotics if he has only been involved for that period of time.

The trial court considered the presentence investigation report, defendant's age and maturity, his employment history, his family circumstances, the nature of the offense, his prior criminal record and the fact defendant had been previously on probation, protection of society and deterrence to the defendant and others.

Defendant argues the trial court applied a "fixed policy" and an "abdication of its responsibility to exercise its discretion in sentencing." Defendant bases this argument on the sentencing judge's statement at the sentencing hearing that he "intend[s] to be a judge who allows one break and only one break." While these words considered separately may support defendant's conclusion; when considered in context, they do not.

**AFFIRMED.**

DONIELSON, J., takes no part.