STATE of Iowa, Appellee,

v.

**Tad Spencer BECKETT, Appellant.**

No. 94–1377.

Supreme Court of Iowa.

May 24, 1995.

· Linda Del Gallo, State Appellate Defender, and Kevin Cmelik, Asst. State Appellate Defender, for appellant.

Thomas J. Miller, Atty. Gen., Bridget A. Chambers, Asst. Atty. Gen., Steven J. Oeth,

County Atty., and Jim P. Robbins, Asst. County Atty., for appellee.

Considered by McGIVERIN, C.J., and LAVORATO, NEUMAN, ANDREASEN, and TERNUS, JJ.

ANDREASEN, Justice.

Defendant appeals his conviction of possession of marijuana, in violation of Iowa Code section 124.401(3) (1993). The district court denied the defendant's motion to suppress evidence seized pursuant to a search warrant. Although the court determined the issuing magistrate did not make the required finding of informant credibility under Iowa Code section 808.3, it applied the "good faith" exception established in *United States v. Leon*, 468 U.S. 897, 905, 104 S.Ct. 3405, 3411, 82 L.Ed.2d 677, 687 (1984), and refused to suppress the evidence. The defendant waived his right to a jury trial and the case was submitted to the court upon a stipulation of the parties that witnesses listed by the State would testify as set forth in the minutes of testimony and the defendant would call no witnesses. The court found the defendant guilty and imposed a fine of $500 plus surcharge and costs. On appeal, we reverse.

## I. *Background.*

The defendant, Tad Beckett, was convicted of possession of marijuana, in violation of Iowa Code section 124.401, after execution of a search warrant at his residence uncovered three items with marijuana residue and a cigarette box containing 1.3 grams of marijuana. Prior to trial, Beckett filed a motion to suppress the items seized during the search of his residence. Because the issuing magistrate did not make a finding on the credibility of the confidential informant, he urged the search warrant was defective.

Iowa Rule of Criminal Procedure 30 provides forms for a search warrant, an application for a search warrant, an attachment A relating to the applicant, an informant's attachment, and an endorsement on search warrant application. The forms contain various statements, some of which can be indicated by an "X" or a "check" on the appropriate line. Other parts of the forms are designed to allow statements to be added by incorporating attachments or filling in the provided blank space. The forms are designed for use by the applicant and the magistrate. The application form incorporates facts establishing grounds for issuance of a search warrant by "attachment(s) made a part of this application." In this case, neither the applicant nor the magistrate properly completed the forms.

The signed and sworn warrant application of the Boone County sheriff was accompanied by a three-page affidavit which was neither sworn to nor signed by him. The signature line on all three pages was blank. The jurat was not completed. The affidavit indicated a confidential informant provided the affiant with information that on October 28 and 29, 1993 a large quantity of marijuana and cocaine had been observed in Beckett's residence at 1111 Tama Street in Boone, Iowa. The informant said Beckett also sells baggies of marijuana out of his girlfriend's apartment and that he places drugs and drug paraphernalia under the seat of his van. The informant claimed Beckett had been engaged in dealing drugs with two other men until one of the men, Tracy Brown, was arrested in Arizona while boarding an Amtrak train.

A checklist entitled "Informant's Attachment" was also attached to the application. The attachment indicated by an "X" that the informant is a concerned citizen known to the peace officer for nine years, is a mature individual, is a person of truthful reputation, has no motive to falsify the information, has no known criminal record, has otherwise demonstrated truthfulness, has not given false information in the past, and has supplied information that has been corroborated by law enforcement personnel.

A handwritten unsigned statement was attached to the warrant materials. It stated:

Now on the 5th day of November, 1993, affiant Ronald Fehr offered the following additional sworn testimony:

Affiant is professionally familiar with Tad Beckett but not with Judy Ray. Boone police have confirmed that Beckett and Ray are in fact residing together at 1111

Tama Street although Ray also maintains an apartment at Greenway Apartments.

Affiant drove by Tama Street address today and noted the white Dodge Caravan license LRT672 was parked at that address. The vehicle is registered to Judy Ray.

Affiant has also independently confirmed informant's information concerning the arrest of Tracy Brown in the State of Arizona. Brown was arrested in Arizona for possession of methamphetamines, marijuana and with cash in possession.

Affiant states informant has lived in the Boone area all or close to all of the informant's life. Affiant checked criminal history of informant and informant has no criminal history. There are no criminal charges pending against informant, informant is not being paid and has made no arrangements with any police agency.

"Property to be Seized" at Attachment C is all items that are related to the possession and sale of controlled substances, based on the training and experience of affiant. Based on large quantity of controlled substances reported by CI there is substantial evidence that controlled substances are being possessed for the purpose of sale.

Also attached was a form entitled "Endorsement on Search Warrant Application" signed by the magistrate. This form identified the sheriff as the only person who had testified in support of the application. The handwritten statement was not identified on the form as an abstract of the testimony. The form stated that "the undersigned has relied, at least in part, on information supplied by a confidential informant (who need not be named) to the peace officer(s) shown on Attachment(s) __." The blank space was not filled in. The form also stated:

4. The information appears credible because (select):

__A. Sworn testimony indicates this informant has given reliable information on previous occasions; or,

__B. Sworn testimony indicates this informant has not been used before but that either the informant appears credible or

the information appears credible for the following reason:

The magistrate checked box B and merely drew a line in the space provided to fill in the reason.

In ruling on Beckett's motion to suppress, the district court determined the issuing magistrate made no credibility findings, and therefore the endorsement did not comply with Iowa Code section 808.3. The court concluded that without the information from the informant, the remaining facts would not support a probable cause finding. However, the court found the good faith exception to the exclusionary rule had been adopted in *State v. Johnston*, 511 N.W.2d 426 (Iowa App.1993). It concluded the officers acted in good faith reliance on the warrant. As a result, the court denied the motion to suppress.

II. *Scope of Review.*

Beckett challenges only the statutory sufficiency of the warrant and not its constitutional validity. Our review is for correction of errors at law. *State v. Day*, 528 N.W.2d 100, 102 (Iowa 1995).

III. *Issuance of the Warrant.*

 Because there is a preference for warrants, we resolve doubtful cases in favor of their validity. *State v. Godbersen*, 493 N.W.2d 852, 854–55 (Iowa 1992). A search warrant is only to issue upon probable cause. *State v. Swaim*, 412 N.W.2d 568, 570 (Iowa 1987). The test for determining the existence of probable cause is "whether a person of reasonable prudence would believe a crime was committed on the premises to be searched or evidence of a crime could be located there." *Godbersen*, 493 N.W.2d at 855. Although we give substantial deference to the magistrate's determination of probable cause, the reviewing court has the responsibility "to insist that the issuing magistrate's function be performed in a neutral and detached manner, not serving merely as a rubber stamp for the police." *Swaim*, 412 N.W.2d at 571. Although we are mindful that warrant documents are "normally drafted by nonlawyers in the midst and haste of a criminal investigation," *id.* at 574 (citation

omitted), we are compelled to "carefully balance that consideration against the court's duty to conscientiously review the sufficiency of the affidavit to insure that the issuing magistrate's action is not a mere ratification of the bare conclusions of others." *Id.*

Beckett asserts the warrant failed to comply with Iowa Code section 808.3, which governs the issuance of search warrants, because the issuing magistrate did not make a specific finding that the information given by the confidential informant was credible. The pertinent part of section 808.3 provides:

> However, if the grounds for issuance are supplied by an informant, the magistrate ... shall include a determination that the information appears credible either because sworn testimony indicates that the informant has given reliable information on previous occasions or because the informant or the information provided by the informant appears credible for reasons specified by the magistrate.

Iowa Code § 808.3. This section applies only to confidential informants. *State v. Weir*, 414 N.W.2d 327, 331 (Iowa 1987).

■ In *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), the Supreme Court adopted a "totality of the circumstances" test. We have stated the legislature adopted the quoted language of section 808.3 in direct response to *Gates. State v. Iowa Dist. Court*, 472 N.W.2d 621, 623 (Iowa 1991); *Swaim*, 412 N.W.2d at 571–72. As a result, the validity of a search warrant premised on testimony from a confidential informant "must be measured by more than the 'totality of the circumstances' test of *Gates;* warrant documents must include specific findings regarding informant credibility." *Iowa Dist. Court*, 472 N.W.2d at 623. Under section 808.3 the magistrate has a mandatory duty to make findings that the confidential informant is credible. *Id.*

The State asserts that the magistrate substantially complied with section 808.3 because the attached handwritten statement indicates the magistrate made an inquiry into the credibility of the informant. The handwritten statement contains information relating to police corroboration of the information provided by the confidential informant. The information in the affidavit, handwritten statement, and informant's attachment could support a finding of the informant's credibility. The magistrate, however, gave no reasons for finding the "informant appears or the information appears credible." Therefore, the case is different from previous cases where we have upheld warrants which substantially complied with the requirements of section 808.3. In *State v. Sykes*, 412 N.W.2d 578 (Iowa 1987), the magistrate signed the bottom of the affidavit which contained the affiant's reports about the credibility of the confidential informants. By signing the bottom of the affidavit, the magistrate adopted the affiant's statements that the confidential informants were credible. *Id.* at 582. In *Swaim* the magistrate referred to the affidavit and its attachments as furnishing the specific reasons supporting her finding of the informant's credibility. We held this substantially complied with the statute's requirements. *Swaim*, 412 N.W.2d at 574. Although the language of the endorsement may have identified the testimony and the information relied upon, the magistrate gave absolutely no reason why the informant or the information provided by the informant appears credible.

■ Because the statute was not complied with here, the magistrate's probable cause determination must be measured without reference to the informant's information. The State agrees the application for a search warrant does not establish probable cause without the informant's information.

## IV. *The Good Faith Exception.*

The State urges that even if the warrant is invalid, we should uphold the denial of Beckett's motion to suppress because the officers searched his residence in good faith reliance on the warrant. In *Leon*, the Supreme Court adopted a good faith exception to the Fourth Amendment exclusionary rule when the officer relies in good faith on a search warrant which is later held to be invalid. *Leon*, 468 U.S. at 905, 104 S.Ct. at 3411, 82 L.Ed.2d at 687. When considering a rationale for suppressing evidence, the Court observed "the exclusionary rule is designed to

deter police misconduct rather than to punish the errors of judges and magistrates." *Id.* at 916, 104 S.Ct. at 3417, 82 L.Ed.2d at 694.

The language of the search and seizure clauses of the Iowa and United States Constitutions is identical. *Compare* U.S. Const. amend. IV *with* Iowa Const. art. 1, § 8. When the state and federal constitutions contain similar provisions, we usually deem them to be identical in scope, import, and purpose. *State v. Scott,* 409 N.W.2d 465, 467 (Iowa 1987). We have an interest in "harmonizing our constitutional decisions with those of the Supreme Court when reasonably possible, even though we recognize and will jealously guard our right and duty to differ in appropriate cases." *State v. Olsen,* 293 N.W.2d 216, 219–20 (Iowa 1980). We have consistently declined to provide greater protection under article I, section 8 of the Iowa Constitution than the United States Supreme Court has found in the Fourth Amendment. *See Scott,* 409 N.W.2d at 467; *Kain v. State,* 378 N.W.2d 900, 902 (Iowa 1985); *State v. Groff,* 323 N.W.2d 204, 207 (Iowa 1982); *State v. Roth,* 305 N.W.2d 501, 507 (Iowa 1981); *Olsen,* 293 N.W.2d at 220.

Although we may recognize a good faith exception to the exclusionary rule under the Iowa Constitution, our prior opinions have suggested there might not be a good faith exception to Iowa Code section 808.3. *See Iowa Dist. Court,* 472 N.W.2d at 624; *Swaim,* 412 N.W.2d at 571 n. 1. We must now resolve that question.

Section 808.3 was amended in 1985 to include the language requiring a determination of informant credibility if the grounds for issuance of the warrant are supplied by an informant. 1985 Iowa Acts ch. 39, § 1. The statutory requirement is the legislature's unambiguous expression of its desire that a magistrate issuing a search warrant shall make a determination that the informant is credible and state the reason or reasons for that finding. Adopting a good faith exception to the statutory requirement would effectively defeat the purpose of the statute because failure to comply with the statute would be of no consequence. In light of the clear purpose of section 808.3, permitting a good faith exception to failure to comply with

the statute would be tantamount to judicial repeal of the statute. *See Gary v. State,* 262 Ga. 573, 575–76, 422 S.E.2d 426, 429 (1992) (rejecting *Leon* good faith exception on the basis of state statute). In *Johnston* the court of appeals found, as we do here, that the magistrate failed to make a finding of informant credibility. *See Johnston,* 511 N.W.2d at 428. The court then determined the good faith exception of *Leon* should be applied. *Id.* Because we reject the exception, we overrule the *Johnston* decision.

Because the warrant was invalid and there is no good faith exception when the issuing magistrate fails to comply with the informant credibility requirement of section 808.3, Beckett's motion to suppress should have been granted. Therefore we reverse the order of the district court and remand for further proceedings not inconsistent with this opinion.

**REVERSED AND REMANDED.**