**STATE of Iowa, Appellant,**

v.

**Carl Ervin MYERS, Appellee.**

**STATE of Iowa, Appellant,**

v.

**Sharon Bessie MYERS, Appellee.**

No. 96–862.

Supreme Court of Iowa.

Oct. 22, 1997.

Thomas J. Miller, Attorney General, Susan M. Crawford and Mary Tabor, Assistant Attorneys General, Richard N. Dunn, County Attorney, and James S. Scheetz, Assistant County Attorney, for appellant.

Thomas J. O'Flaherty of O'Flaherty Law Firm, Swisher, for appellee Carl Myers.

Steven A. Kloberdanz of Pattie, Hinshaw, Danielson, & Kloberdanz P.C., Marshalltown, for appellee Sharon Myers.

Considered by McGIVERIN, C.J., and HARRIS, NEUMAN, ANDREASEN, and TERNUS, JJ.

McGIVERIN, Chief Justice.

The issue in this case is whether the district court erred in sustaining defendants' motions to suppress evidence obtained during a search of defendants' residence. A magistrate had issued a search warrant concerning the residence.

The district court determined that the magistrate's findings regarding the credibility of two confidential informants did not comply with Iowa Code section 808.3 (1993), so that the information provided by those informants could not be considered in determining whether there was probable cause for issuance of the search warrant. The district court then concluded that probable cause did not exist for issuance of the search warrant and sustained defendants' pretrial motions to suppress the evidence obtained during the warranted search.

On discretionary review, the court of appeals reversed the district court ruling. On further review, we vacate the court of appeals decision and affirm the district court ruling. We remand for further proceedings.

I. *Background facts and proceedings.* On March 28, 1995, Hardin County deputy sheriff Rodney Stoner submitted an application, on a standard form, for a warrant to search the residence of defendant Carl Myers[1] for drugs and related items. *See* Iowa Code § 808.3. The application was based in part on the results of another search earlier that day at the residence of Gordon Steil. During the search of the Steil residence, law enforcement officers had discovered a manilla envelope, bearing Carl Myers' name, in a locked wooden box that also contained a large quantity of marijuana, LSD, and a rock and white powdery substance. The search also yielded a photograph of Steil and Carl Myers believed to have been taken at a marijuana rally. Several address books found at the Steil residence contained Carl Myers' name. A diploma or certificate naming June Myers[2] was found in the residence.

---

1. Defendant Carl Myers lived in the residence with defendant Sharon Myers.

2. The record does not indicate what, if any, relationship exists between Carl Myers and June Myers.

The search did not uncover any scales used to measure controlled substances.

The application for a search warrant also included information provided by two confidential informants. Prior to the search of the Steil residence, the first confidential informant (confidential informant no. 1) told captain James Collins of the Eldora police department that a large amount of marijuana "had reportedly been moved" from Myers' residence to Steil's residence. Deputy Stoner noted on the search warrant application that the discovery of controlled substances at the Steil residence verified that information. The second confidential informant (confidential informant no. 2) told deputy Stoner that Carl Myers had been arrested in Colorado on a charge involving marijuana and that Carl Myers grew and sold marijuana.

After hearing testimony by deputy Stoner but not captain Collins, the magistrate issued the search warrant for the Myers residence. In the "endorsement" section of the standard form application, the magistrate summarized deputy Stoner's testimony and the information obtained from the two confidential informants. In the same section, the magistrate was required, in accordance with Iowa Code section 808.3, to specify his reasons for finding the confidential informants credible. The standard form application set forth the statutory reasons in the form of two alternatives: (1) "[s]worn testimony indicates this informant has given reliable information on previous *occasions*" (emphasis added); or (2) "[s]worn testimony indicates this informant has not been used before but that either the informant appears credible or the information appears credible for the following reasons." The magistrate checked the first reason. The magistrate did not check the second alternative, state that the informants or the information appeared credible, or provide any reasons regarding credibility. The magistrate then indicated that there was probable cause for issuance of the warrant and signed the search warrant. *See* Iowa Code § 808.4.

In their search of the Myers residence, officers found 248.1 grams of marijuana as well as hashish oil and various items of drug paraphernalia. Carl and Sharon Myers were charged by trial information with possession of a controlled substance with intent to deliver, a class "D" felony. *See* Iowa Code §§ 124.401(1), 703.2.

Defendants Carl and Sharon Myers pled not guilty to the charges against them and filed pretrial motions to suppress the evidence found during the search of their residence. *See* Iowa R.Crim. P. 10(2)(c), 11(1). After a hearing on the motions, the district court determined that there were insufficient credibility findings by the magistrate regarding the two confidential informants to support issuance of the search warrant for the Myers residence. The court further determined that without the information provided by those informants, probable cause for issuance of the search warrant did not exist. The court therefore sustained defendants' motions to suppress the evidence seized at the Myers residence.

We granted the State's application for discretionary review, *see* Iowa R.Crim. P. 11(2), and transferred the case to the court of appeals, *see* Iowa R.App. P. 401(a). The court of appeals reversed the district court ruling.

We granted defendants' application for further review. *See* Iowa R.App. P. 402.

II. *Standards of review.* Our review of the district court's determination concerning the statutory sufficiency of the search warrant is for correction of errors at law. *State v. Beckett,* 532 N.W.2d 751, 753 (Iowa 1995). We review de novo the district court's ruling regarding probable cause for issuance of the search warrant. *State v. Howard,* 509 N.W.2d 764, 767 (Iowa 1993). Under that standard, we must independently evaluate the totality of the circumstances as shown by the entire record. *Id.*

III. *Validity of search warrant.* The State does not dispute that the magistrate made no credibility findings regarding confidential informant no. 2; it concedes the information obtained from that informant should not be considered in making the probable cause determination. Therefore, we do not consider that information. However, the State argues that the magistrate's endorsement regarding confidential informant no. 1

was in substantial compliance with the requirements of Iowa Code section 808.3. Alternatively, the State contends that probable cause existed for issuance of the search warrant even without the information provided by confidential informant no. 1. We examine these arguments in turn.

   A. *Adequacy of magistrate's endorsement regarding confidential informant.*

   ■ 1. Concerns about the reliability of information derived from confidential informants and used to obtain search warrants precipitated the adoption of Iowa's statutory requirements regarding such information. In *Illinois v. Gates,* 462 U.S. 213, 238–39, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527, 548 (1983), the United States Supreme Court articulated a "totality of the circumstances" test for assessing the validity of a search warrant based on confidential informant testimony. In response to the *Gates* decision, the Iowa legislature designed a more rigorous statutory test of confidential informant credibility "to insure that warrants are issued only upon reliable information." *State v. Iowa Dist. Ct.,* 472 N.W.2d 621, 624 (Iowa 1991); *accord Beckett,* 532 N.W.2d at 754; *State v. Swaim,* 412 N.W.2d 568, 571–72 (Iowa 1987). That test is included in the statute governing applications for search warrants:

> A person may make application for the issuance of a search warrant by submitting before a magistrate a written application, supported by the person's oath or affirmation, which includes facts, information, and circumstances tending to establish sufficient grounds for granting the application, and probable cause for believing that the grounds exist. The application shall describe the person, place, or thing to be searched and the property to be seized with sufficient specificity to enable an independent reasonable person with reasonable effort to ascertain and identify the person, place, or thing. If the magistrate issues the search warrant, the magistrate shall endorse on the application the name and address of all persons upon whose sworn testimony the magistrate relied to issue the warrant together with the abstract of each witness' testimony, or the witness'

affidavit. *However, if the grounds for issuance are supplied by an informant, the magistrate shall identify only the peace officer to whom the information was given but shall include a determination that the information appears credible either because sworn testimony indicates that the informant has given reliable information on previous occasions or because the informant or the information provided by the informant appears credible for reasons specified by the magistrate.* The magistrate may in the magistrate's discretion require that a witness upon whom the applicant relies for information appear personally and be examined concerning the information.

Iowa Code § 808.3 (emphasis added). Thus, under that provision, a magistrate issuing a search warrant based on information provided by a confidential informant must make specific findings that the confidential informant is credible based on one of the following grounds: (1) the informant has provided reliable information on previous occasions; or (2) the informant or information appears credible for reasons specified by the magistrate. If the magistrate's findings fail to satisfy that requirement, the probable cause determination must be evaluated without reference to the information obtained from the confidential informant. *Beckett,* 532 N.W.2d at 754.

   ■ 2. In giving effect to Iowa Code section 808.3, we have sought to insure that the magistrate's credibility findings adhere to the reasons set forth in the statute; at the same time, recognizing that warrant applications are usually drawn up by nonlawyers faced with the exigencies of a criminal investigation, we have not insisted that the statute be applied in a mechanical way. *See id.* at 753 (noting that warrant documents are "normally drafted by nonlawyers in the midst and haste of a criminal investigation") (citation omitted). We resolve doubtful cases in favor of the validity of a search warrant. *Id.* However, although we give deference to the magistrate's probable cause determination, we are obligated "to insist that the issuing magistrate's function be performed in a neutral and detached manner, not serving merely as

a rubber stamp for the police." *Id.* (quoting *Swaim,* 412 N.W.2d at 571). Thus, we have attempted to draw the sometimes fine line between, on the one side, substantial compliance with the statutory requirements and, on the other side, vague findings requiring speculation by the reviewing court as to the magistrate's reasoning. *Compare State v. Randle,* 555 N.W.2d 666, 670 (Iowa 1996) (noting magistrate set forth facts showing informant's "track record" of reliability), *and Swaim,* 412 N.W.2d at 574 (concluding that magistrate's reference to affidavit and its attachments as reasons for finding credibility constituted substantial compliance with statutory requirements), *with Beckett,* 532 N.W.2d at 754 (determining that magistrate identified testimony and information relied upon but failed to give specific reasons for finding informant or information reliable and thus did not satisfy the statute), *and Iowa Dist. Ct.,* 472 N.W.2d at 624 (finding lack of compliance with statute where magistrate failed in "endorsement" to check either of the reasons for finding credibility or to give narrative account regarding credibility).

■ 3. In the present case, we believe the magistrate's endorsement regarding confidential informant no. 1 is not supported by the record and does not comply with Iowa Code section 808.3 so as to allow the information of confidential informant no. 1 to be used as a basis for issuance of the search warrant.

The magistrate checked the first reason on the standard form—informant has given reliable information on past *occasions*—but only one such occasion (the informant's tip regarding the transfer of marijuana from the Myers residence to the Steil residence) was mentioned in the magistrate's abstract of the testimony. Both the district court and the court of appeals noted that the statute uses the plural term "occasions," indicating that more than one occasion is required. *See* Iowa Code § 808.3. That "occasion," when confidential informant no. 1 furnished information, also could be considered part of the same investigation involving defendant

Myers rather than a previous occasion. Thus, that portion of section 808.3 was not supported by this record as a reason for the magistrate to find the information reliable.

The magistrate did not check the second reason on the standard form—the informant or information appears credible for reasons specified by the magistrate—that is also stated in Iowa Code section 808.3. Although the State argues that the magistrate simply erred by not checking the second reason, that conclusion requires us to engage in speculation. As in *Beckett,* although the magistrate summarized the testimony given by the deputy, the magistrate did not make *any* credibility findings as to the informant or the information the informant provided and thereby demonstrate that he had made his own determination regarding the required credibility. *See Beckett,* 532 N.W.2d at 754. Thus, the magistrate did not comply with the requirements of section 808.3 as to the second reason on the endorsement form even if the magistrate had checked and relied on that second reason. Under some circumstances, one prior reliable report of intelligence might satisfy the second reason articulated in section 808.3, so long as the magistrate gave sufficient reasons for finding the informant or information credible. However, this is not such a case. In light of the importance attached by the legislature in Iowa Code section 808.3 to credibility findings by the magistrate, we deem it inappropriate and perhaps even dangerous to guess at the magistrate's reasoning.[3]

We conclude that the district court did not err in determining that the magistrate failed to make the credibility findings required by Iowa Code section 808.3.

■ B. *Probable cause determination.* Because we conclude that the district court did not err in determining the magistrate's endorsement failed to comply with the statutory requirements, we must assess the magistrate's probable cause determination with-

---

3. The record in the present case illustrates the dangers of reading too much into the magistrate's endorsement. Captain Collins of the Eldora police department, who did not testify before the magistrate during the application for the

search warrant, later testified before the district court judge that he had a low opinion of informant no. 1's veracity. There is also some suggestion that informant no. 1 sought to be paid for information given to law enforcement officers.

out considering the information provided by confidential informant no. 1. When that information is excised, the items found in the search of the Steil residence (the manila envelope with Myers' name, the photograph of Myers and Steil, and the address books containing Myers' name) provide the only basis for the search warrant for the Myers residence. We believe that information simply is not sufficient to support probable cause for a search warrant.

■ "The test for probable cause is whether a reasonably prudent person would believe that a crime has been committed on the premises to be searched or evidence of a crime is being concealed there." *State v. Green*, 540 N.W.2d 649, 655 (Iowa 1995). Even if (and this is far from certain) the items found during the search of the Steil residence link Myers to criminal drug activity, they do not support an inference that the Myers residence was connected to that activity.

Upon our de novo review, we conclude there was not probable cause for issuance of the search warrant for the Myers residence.

IV. *Disposition.* We have considered other arguments raised by the parties and find them unnecessary to address or without merit. We vacate the decision of the court of appeals and affirm the district court ruling sustaining defendants' motion to suppress the evidence discovered in the search of the Myers residence. We remand the case to district court for further proceedings.

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT RULING AFFIRMED; CASE REMANDED.**