# IN THE COURT OF APPEALS OF IOWA

No. 14-0457
Filed February 11, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**WILLIAM GENERAL RUMLEY JR.,**
        Defendant-Appellant.
_____


Appeal from the Iowa District Court for Scott County, Mark D. Cleve (plea agreement) and Marlita A. Greve (sentencing), Judges.


William Rumley Jr. appeals following his plea of guilty. **CONVICTION AFFIRMED AND REMANDED WITH DIRECTIONS.**


Mark C. Smith, State Appellate Defender, and Patricia Reynolds, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Jean C. Pettinger, Assistant Attorney General, Michael J. Walton, County Attorney, and Dion Towers and Will Ripley, Assistant County Attorneys, for appellee.


Considered by Danilson, C.J., and Doyle and Tabor, JJ.

**DANILSON, C.J.**

William Rumley Jr. appeals from judgment and sentence entered upon his conviction following his plea of guilty to conspiracy to commit a non-forcible felony, in violation of Iowa Code sections 706.1 and .3 (2013). He contends trial counsel was ineffective in allowing him to plead guilty rather than pursue the motion to suppress. He also challenges the trial court's order that he "make restitution for . . . surcharges." We affirm the conviction, but remand with directions.

We review constitutional challenges de novo. *See Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001).

To prove counsel was ineffective, Rumley has to prove counsel failed to perform an essential duty and prejudice resulted. *See State v. Clay,* 824 N.W.2d 488, 495 (Iowa 2012). If he fails to prove either prong, his claim will fail. *See id.* Normally, ineffective-assistance claims are preserved for possible postconviction-relief proceedings, but this claim can be resolved on direct appeal as the record is adequate to address it. *See id.* at 494.

The minutes of testimony indicate that on October 19, 2013, at approximately 9:45 p.m., Bettendorf police officers Dorr and Salsberry responded to a report of a domestic disturbance at the Super Eight Motel. When they arrived, they heard arguing between a man and a woman in room 215. At first, there was no response to the officers' knock at the door, but Rumley did open the door. Officer Dorr asked him to step into the hallway, and Rumley exited the room. After talking to the woman in room 215, Rumley was asked for permission to search the room, which he denied.

The officers made an application for a search warrant. The affidavit attached to the warrant application stated that Officer Salsberry smelled "fresh unburnt marijuana from the threshold of the doorway" to the motel room and that when the officer mentioned the marijuana odor to the woman in room 215, she said "the marijuana was part of the reason she wanted to leave." In addition, the affidavit stated that Rumley had previous drug-related convictions, as did the woman in the room. A warrant issued and upon searching the room, officers found crack cocaine, two glass crack pipes, papers with ledger recordings of monetary amounts, and over $1700 in cash, but no marijuana.

A trial information was filed charging Rumley with possession of crack cocaine with intent to deliver and conspiracy to commit a non-forcible felony, and alleging the habitual offender enhancement. Rumley filed a motion to suppress, which was resisted by the State. No ruling was made on the motion. Rumley pled guilty to the offense of conspiracy to commit a non-forcible felony.

On appeal, Rumley only claims the warrant was not valid because it was based solely upon the smell of marijuana. Rumley argues that probable cause did not exist for the warrant because he told officers he had earlier smoked marijuana while returning from a gas station. We disagree. His explanation does not negate the existence of probable cause.[1] The warrant here was supported by probable cause. *See State v. Watts*, 801 N.W.2d 845, 854 (Iowa 2011) (finding odor of marijuana provided probable cause). The officer smelled marijuana in the threshold of the room and could smell marijuana in the room

---

[1] While this case does not present a "doubtful" case, we note that "[b]ecause there is a preference for warrants, we resolve doubtful cases in favor of their validity." *State v. Beckett*, 532 N.W.2d 751, 753 (Iowa 1995).

when conversing with the woman about the argument. Neither the officer nor the issuing magistrate was required to accept Rumley's explanation for the smell. Because probable cause existed for the issuance of the search warrant, Rumley's counsel was not ineffective in failing to pursue the motion and allowing him to plead guilty. *See State v. Dudley*, 766 N.W.2d 606 620 (Iowa 2009) (stating "counsel has no duty to raise an issue that has no merit").

Rumley was sentenced to a term of incarceration not to exceed five years. At the sentencing hearing, the court stated, "[Y]ou shall pay a fine of $750, which I will suspend." The court found Rumley indigent and unable to afford court-appointed attorney fees. In the court calendar entry, however, Rumley was ordered to make restitution for "court costs and surcharges." Rumley contends we must remand to the district court with directions that any surcharges be removed. The State agrees that we should remand for entry of an order nunc pro tunc.

Iowa Code section 911.1(3) provides, "When a fine or forfeiture is suspended in whole or in part, the court shall reduce the surcharge in proportion to the amount suspended." We remand to the district court for entry of a corrected judgment entry.

**CONVICTION AFFIRMED AND REMANDED WITH DIRECTIONS.**