WIGGINS, Justice
(dissenting).
I respectfully dissent. The court should have suppressed the evidence obtained in Iowa for use in an Iowa court.
The majority bases its opinion on cases that subscribe to the reverse silver-platter doctrine. The majority finds these cases persuasive. However, in finding these cases persuasive, the majority fails to examine the underpinnings of the silver-platter doctrine as originally established and abandoned by the federal courts. The majority also fails to reconcile its position with the reasons why we apply the exclusionary rule in Iowa. In Iowa, we should not decide an issue by color matching the facts from other jurisdictions. Rather, we should look behind the facts of those cases and determine if the reasoning of those cases comport with our Iowa precedent.
I start my analysis by examining the silver-platter doctrine and federal jurisprudence. The silver-platter doctrine describes the situation in which federal courts admit evidence in federal court seized as a result of an unreasonable search and seizure by state officers. Elkins v. United States, 364 U.S. 206, 208, 80 S.Ct. 1437, 1439, 4 L.Ed.2d 1669 (1960). In the past, federal courts accepted the doctrine and admitted the evidence in federal court. See Weeks v. United States, 232 U.S. 383, 398, 34 S.Ct. 341, 346, 58 L.Ed. 652 (1914). In Elkins, the United States Supreme Court rejected the silver-platter doctrine. Elkins, 364 U.S. at 208, 80 S.Ct. at 1439.
In rejecting the silver-platter doctrine, the Court sought to preserve the judicial integrity of the federal court system. Id. at 222, 80 S.Ct. at 1447. As the Court noted,
There it was held that “a conviction resting on evidence secured through such a flagrant disregard of the procedure which Congress has commanded cannot be allowed to stand without making the courts themselves accomplices in willful disobedience of law.” Even less should the federal courts be accomplices in the willful disobedience of a Constitution they are sworn to uphold.
Id. at 223, 80 S. Ct. at 1447 (quoting McNabb v. United States, 318 U.S. 332, 345, 63 S.Ct. 608, 615, 87 L.Ed. 819 (1943)). As I explain in this dissent, Iowa precedent supports the same proposition—Iowa courts should not be accomplices in violations of state law.
The reverse silver-platter doctrine refers to a situation in which state courts admit evidence obtained by federal officers in a manner that does not violate federal law, but violates state law or the state constitution. At least three other states have refused to adopt the reverse silver-platter doctrine. State v. Torres, 125 Hawai'i 382, 262 P.3d 1006, 1020 (2011); State v. Cardenas-Alvarez, 130 N.M. 386, 25 P.3d 225, 233 (2001); People v. Griminger, 71 N.Y.2d 635, 529 N.Y.S.2d 55, 524 N.E.2d 409, 412 (1988). New York and New Mexico courts rely on the principle espoused in Elkins to reject the reverse silver-platter doctrine. Citing Elkins, the Court of Appeals of New York stated, “Since defendant has been tried for crimes defined by the State’s Penal Law, we can discern no reason why he should not also be afforded the benefit of our State’s search and seizure protections.” Griming- *900 er, 529 N.Y.S.2d 55, 524 N.E.2d at 412. The New Mexico Supreme Court stated its rationale as follows: “Although we do not claim the authority to constrain the activities of federal agents, we do possess the authority—and indeed the duty—to insulate our courts from evidence seized in contravention of our state’s constitution.” Cardenas-Alvarez, 25 P.3d at 233.
If I were to color match the facts, I might make the statement that I find the New York and New Mexico courts more persuasive. However, that is not what courts do. Our obligation is to look behind the facts and determine if the reasoning of the cases from other jurisdictions is consistent with Iowa precedent. The fact that other state court cases adopt a position is not determinative of Iowa law. State v. Halstead, 791 N.W.2d 805, 811 (Iowa 2010). When deciding Iowa law questions, we determine the persuasiveness of other authorities by the quality of the analysis. Id. I believe the exclusionary rule analysis done by the Hawaii Supreme Court is most persuasive and the one we should follow in this case.
In Hawaii, before rejecting the reverse silver-platter doctrine, the supreme court applied an exclusionary rule analysis. Torres, 262 P.3d at 1013. The use of the exclusionary rule analysis began trending in courts by 1988. Tom Quigley, Do Silver Platters Have a Place in State-Federal Relations? Using Illegally Obtained Evidence in Criminal Prosecutions, 20 Ariz. St. L.J. 285, 322 (1988), The exclusionary rule analysis requires “the court first iden-tif[y] the principles to be served by the exclusionary rule, and then evaluate[ ] how the principles would be served by exclusion.” Torres, 262 P.3d at 1013-14 (quoting State v. Bridges, 83 Hawai’i 187. 925 P.2d 357, 365 (1996), overruled by Torres, 262 P.3d at 1021).[5]
In Iowa, we have identified three principles the exclusionary rule serves. First, it preserves the integrity of the judicial process. State v. Prior, 617 N.W.2d 260, 268 (Iowa 2000). Next, it protects the privacy of individuals by providing redress for the invasion of an individual’s privacy interest. State v. Cline, 617 N.W.2d 277, 289 (Iowa 2000), abrogated in part on other grounds by State v. Turner, 630 N.W.2d 601, 606 n.2 (Iowa 2001). Third, the rule serves to deter police misconduct. Id.
The judicial integrity purpose of the exclusionary rule is based on the proposition that “[b]y admitting evidence obtained illegally, courts would in essence condone the illegality by stating it does not matter how the evidence was secured.” Id. The majority concludes the judicial integrity purpose only applies to evidence obtained in violation of the Iowa Constitution and not evidence obtained in violation of Iowa statutes. This is a misreading of Iowa law.
In Iowa, we protect the integrity of the judicial system by enforcing our search and seizure statutes. See State v. Beckett, 532 N.W.2d 751, 755 (Iowa 1995). In Beckett, a magistrate failed to make a finding required under Iowa Code section 808.3 as to the informant’s credibility before issuing a search warrant. Id. at 751. The district court refused to suppress the evidence ob *901 tained by that search warrant by applying the good-faith exception doctrine established in United States v. Leon, 468 U.S. 897, 905, 104 S.Ct. 3405, 3411, 82 L.Ed.2d 677 (1984). Id. On appeal, we reversed the district court and suppressed the evidence to protect the integrity of the judicial system and our search and seizure statutes. Beckett, 532 N.W.2d at 755. In doing so, we stated,
The statutory requirement is the legislature’s unambiguous expression of its desire that a magistrate issuing a search warrant shall make a determination that the informant is credible and state the reason or reasons for that finding. Adopting a good faith exception to the statutory requirement would effectively defeat the purpose of the statute because failure to comply with the statute would be of no consequence. In light of the clear purpose of section 808.3, permitting a good faith exception to failure to comply with the statute would be tantamount to judicial repeal of the statute.

Id.

The Iowa legislature has not authorized anticipatory search warrants under Iowa Code sections 808.3 and 808.4. State v. Gillespie, 530 N.W.2d 446, 448-50 (Iowa 1995). Sections 808.3 and 808.4 are the very same sections involved in Beckett. If we allow the State to admit the evidence obtained by the anticipatory search warrant in our state court, it would violate the same search and seizure statutes, we were unwilling to weaken in Beckett. I find that by allowing the State to admit the evidence in our state courts, we implicate the integrity of our judicial system. Thus, the exclusion of the evidence in this case serves the judicial integrity purpose of the exclusionary rule.
The privacy purpose of the exclusionary rule is rooted in the expectations a person has in the laws of the state of Iowa to protect a person’s privacy. Article I, section 8 of the Iowa Constitution contains the expectations of a person’s constitutionally protected privacy rights in the context of a search and seizure. Iowa Code chapters 808, 808A, and 808B contain the expectations of a person’s statutorily protected privacy rights in the context of a search and seizure. A person living in Iowa expects that the State cannot use evidence obtained in violation of Iowa law in a criminal prosecution in our Iowa courts. Thus, the exclusion of the evidence in this case also serves the privacy purpose of the exclusionary rule.
The deterrence purpose of the exclusionary rule is to deter police' officials from violating our constitution or state laws when it comes to search and seizures. We apply the exclusionary rule to statutory violations. Gillespie, 530 N.W.2d at 450. Here, Iowa law enforcement was involved in the search; The application of our exclusionary rule serves the purpose in this case and future cases to deter any federal and state cooperation to evade our state laws. See Torres, 262 P.3d at 1020 (holding the exclusion of the evidence obtained by the federal authorities would deter future violations of state law even though no state actors were involved in the present search).
Finally, I contend the majority’s reliance on State v. Davis, 679 N.W.2d 651 (Iowa 2004), is also misplaced. In Davis, a Missouri judicial officer issued a search warrant to search property located in Missouri and owned by a Missouri resident. Id. at 654. The issuance of the search warrant violated a Missouri statute because an Iowa peace officer verified the application. Id. at 657-58; Even with this violation of the Missouri'statute, The state of Missouri would not suppress the evidence discovered in the search because the Missouri *902 courts recognize an exception to the exclusionary rule when an officer executing a search warrant relies on the. warrant in good faith. Id. at 658. In allowing the state to admit the evidence seized, in Missouri from a Missouri resident on Missouri property- in our court, we gave two reasons as to why the evidence was admissible. First, we noted,
The search warrants met all the requirements of the Fourth Amendment to the United States Constitution and article I, section 8 of the Iowa Constitution because they were issued on probable cause, supported by the oath of Sheriff Davis, and particularly described the place to be searched and the things to be seized. We do not have any concerns regarding the trustworthiness of the evidence seized,
Id. at 659. Second, we decided we should not “give greater protection to the integrity of the Missouri statutes than the Missouri courts do,” because Missouri had adopted the good-faith exception. Id.
The case before the court today is factually and legally distinguishable from Davis, A pertinent factual difference is that Ramirez is an Iowa resident whereas Davis was a Missouri resident. Additionally, the court in this case issued the search warrant to search property located in Iowa. In Davis, the property was located in Missouri. These are important differences when attempting to draw a comparison between the analysis in Davis and this case.
In Davis, we said that by the Missouri courts adopting the good-faith exception to the exclusionary rule, it had no interest in protecting the integrity-of its search and seizure .statutes. Id. On the other hand, “[i]n Iowa we refuse to apply the good faith exception to the-.exclusionary, rule when a defect exists -in the application, for a warrant to protect the-integrity of the statutes passed by our legislature. Id.; see also Beckett, 532 N.W.2d at 755. These important differences affect the legal analyses of the two cases. Thus, I would conclude, Davis does not support the majority’s opinion.
Accordingly, I would hold evidence obtained by a search warrant issued by the federal court to search property located in Iowa and owned by an Iowa resident would be subject to the exclusionary rule in an Iowa prosecution. This does not mean the federal government cannot prosecute Ramirez for his alleged criminal conduct in federal court. I recognize the supremacy of the federal government. I also encourage federal authorities to continue to enforce and prosecute the law in a manner as the Federal Constitution permits. However, we should not abandon our constitutional and statutory protections afforded to persons in Iowa to affirm a conviction that should have taken place in federal court.'

. The Hawaii Supreme Court recently decided anticipatory search warrants are allowed under Hawaii law. See State v. Curtis, 139 Haw. 486, 394 P.3d 716, 725-26 (2017). However, this decision by the Hawaii Supreme Court does not change the fact that the Iowa legislature does not allow anticipatory search warrants under Iowa law, nor does Curtis undermine the exclusionary rule analysis in State v. Torres. Id. at 728 ("This holding is consistent with the purposes underlying Hawaii’s exclusionary rule: judicial integrity, protection of individual privacy, and deterrence of illegal police misconduct.’’).