STATE of Iowa, Appellee,

v.

Walter James CLARK, Appellant.

No. 89–1355.

Supreme Court of Iowa.

Jan. 23, 1991.

Linda Del Gallo, State Appellate Defender, and Ahmet S. Gonlubol, Asst. Appellate Defender, for appellant.

Thomas J. Miller, Atty. Gen., Bruce Kempkes, Asst. Atty. Gen., William E. Davis, County Atty., and James D. Hoffman, Asst. County Atty., for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, SCHULTZ and CARTER, JJ.

McGIVERIN, Chief Justice.

Defendant Walter Clark appeals from judgment after a jury verdict finding him guilty of second-degree robbery. Clark contends the trial court erred by refusing to sever his trial from the trial of codefendant Haley Wiggins. Upon Clark's appeal, our court of appeals ruled that the trial court did not abuse its discretion when it overruled defendant's motion to sever. We granted Clark's application for further review. We, now, affirm the decision of the court of appeals and judgment of the district court.

I. *Background facts and proceedings.* The record would allow the jury to find the following facts. Clark, Wiggins and Donnie Wilson entered a SuperAmerica convenience store located in Davenport on April 23, 1989. Ronald Darnell and Barbara Johnson were the store employees on duty when the three men entered.

Wilson went to use the restroom shortly after entering the store. Upon Wilson's return, Clark and Wiggins headed in the direction of the restroom. Located near the restroom was the entrance to the storage room. A sign over the storage room door stated "Employees Only."

Shortly thereafter, Darnell and Johnson heard the sound of the storage room door closing. Johnson knew it was the storage room door closing because she recognized the distinctive sound made by that door when it shuts. Darnell immediately headed to the storage room to investigate.

When Darnell entered the storage room he discovered Clark and Wiggins. Both were holding a glass mug full of Slim Jims (sticks of beef jerky packaged as snacks). Clark also had a six-pack of beer in his possession. Darnell took the merchandise from the two men and shouted to Johnson to call the police. At the same time, Darnell stepped in front of the closed storage room door, thereby blocking the only available exit.

A struggle ensued as Clark and Wiggins attempted to escape from the storage room by force. During the struggle, Darnell's head was struck with a glass bottle. Clark and Wiggins eventually escaped the storage room, but were apprehended shortly thereafter by the police.

Clark, Wiggins and Wilson were accused by trial information of the crime of robbery in the second degree. *See* Iowa Code §§ 711.1(1), 711.3 (1989); Iowa R.Crim.P. 6(4)(a). Clark and Wiggins were scheduled for a joint trial on the robbery charges. *See* Iowa R.Crim.P. 6(4)(b). Not wishing to be tried jointly, Wiggins filed a written motion to sever the trials which was orally adopted by Clark. The district court denied the motions.

Clark and Wiggins were jointly tried on charges of second-degree robbery. The jury found both defendants guilty of the charged crime.

Clark appealed his conviction. Clark's only basis for appeal is that the district court erred in denying the motion to sever his trial from Wiggins' trial.

II. *Allowance of joint trials.* A motion for separate trials was filed by Wiggins, Iowa R.Crim.P. 10(2)(e), and orally adopted by Clark. The motions asserted that separate trials were necessary because "it was the intention of the defendant Haley Wiggins and Walter Clark, if they choose to testify, to implicate each of their respective codefendants." Further, the motions stated that "it appears probable that one or both of the codefendants will testify at trial ... [and] that the expected testimony of each of the codefendants would prejudice the other codefendant and deny him a fair trial."

■ The district court denied the motions to sever the trials. The court ruled that the possibility of prejudice was insufficient to require severance. The court further noted, however, that if it appeared during trial that prejudice would occur, severance could be granted or limiting or explanatory instructions could be offered to clarify the issues for the jury. Clark, however, never opted to renew his request for severance at any time during trial. Clark next raised the issue on this appeal.

Iowa Rule of Criminal Procedure 6(4)(b) provides:

When an indictment or information jointly charges two or more defendants, those defendants may be tried jointly if in the discretion of the court a joint trial will not result in prejudice to one or more of the parties. Otherwise, defendants shall be tried separately. When jointly tried, defendants shall be adjudged separately on each count.

Under this rule, defendants may be jointly tried if in the discretion of the trial court a joint trial will not prejudice a defendant's right to a fair trial. *State v. Brown,* 397 N.W.2d 689, 695 (Iowa 1986).

■ Joint trials have the potential to prejudice a defendant's right to a fair trial in several ways. For instance, the admission of evidence in a joint trial, that would have been inadmissible and prejudicial error if admitted against a defendant tried alone, can prejudice a defendant's right to a fair trial. *See, e.g., State v. Belieu,* 288 N.W.2d 895 (Iowa 1980) (the prejudicial impact of evidence of defendant's prior criminal activity, offered as part of a codefendant's defense, had the effect of denying defendant a fair trial). Clark cannot support an argument on these grounds because the record does not reveal any objections by Clark to any evidence admitted at trial.

■ A defendant's right to a fair trial can also be prejudiced when the denial of a motion to sever prevents a defendant from presenting exculpatory testimony of a codefendant. *See, e.g., United States v. Voss,* 787 F.2d 393, 401 (8th Cir.1986) (defendant must show that she would call the codefendant at a separate trial, that the codefendant would testify, and that the testimony would be exculpatory); *United States v. Ford,* 870 F.2d 729, 730–33 (D.C. Cir.1989). We see no prejudice here, however, because Clark has never argued that his codefendant would have provided exculpatory testimony at a separate trial.

■ Prejudice, sufficient to deny a defendant a fair trial, can also occur when a trial is of such complexity and length that the jury is unable to effectively compartmentalize the evidence against each defendant. *See, e.g., Brown,* 397 N.W.2d at 696–97 (rejected defendant's contention that the length and complexity of the trial prejudiced his right to a fair trial). Clark cannot show prejudice in this manner because his trial was short and not complex.

■ The only tenable basis for Clark's motion for separate trials is that the conflicting defenses presented by the codefendants caused sufficient prejudice to constitute the denial of a fair trial to a defendant. *See e.g., State v. Sauls,* 356 N.W.2d 516 (Iowa 1984) (where the sole contention of each defendant which could be claimed to be a defense was that he was innocent and the other defendant was culpable and each defendant so testified at trial, held that the trial court abused its discretion in refusing to grant severance). To cause the

type of prejudice that prevents codefendants from obtaining a fair trial, the defenses must be more than merely antagonistic, they must conflict to the point of being irreconcilable and mutually exclusive. *State v. Snodgrass,* 346 N.W.2d 472, 475 (Iowa 1984). This level of conflict and antagonism is reached if the jury, in order to believe the core testimony offered on behalf of one defendant, must necessarily disbelieve the testimony offered on behalf of a codefendant. *Brown,* 397 N.W.2d at 696.

In determining whether the trial court properly exercised its discretion when it overruled Clark's motion to sever, finding that defendants would not be prejudiced by a joint trial, we must examine the information available at the time of the ruling. We must decide if, at the time the trial court ruled on Clark's motion, Clark had established that the conflicting defenses would cause sufficient prejudice to constitute the denial of a fair trial.

█ We will reverse a trial court's refusal to grant a motion for separate trials only if a defendant demonstrates an abuse of discretion. *Brown,* 397 N.W.2d at 695. A trial court will not be found to have abused its discretion unless the challenging defendant demonstrates a joint trial prejudiced his or her right to a fair trial. *Id.*

Our review of the complete record indicates that, at the time of the trial court's ruling, the only information available to it concerning the defendants' conflicting defenses was the information contained in the motion to sever. Clark's motion for separate trials gave the trial court only one piece of information to base its ruling upon: that each defendant's testimony would implicate his codefendant if defendants chose to testify at trial.[1] The motion also made the unsupported assertion that the expected testimony of each defendant would prejudice his codefendant thereby denying him a fair trial. This assertion, however, without any disclosure of information supporting the statement, was of no value to the trial court in determining whether defendant would be denied a fair

trial. Based on this information, or lack of information, we think the trial court properly overruled Clark's request for a separate trial.

█ It is a defendant's burden to establish that separate trials are necessary to avoid prejudice that would deny him a fair trial. In meeting this burden, we have repeatedly stated that a defendant must show more than the attempt by one defendant to exculpate himself or herself by incriminating the other defendant. *Brown,* 397 N.W.2d at 696; *Snodgrass,* 346 N.W.2d at 475; *Belieu,* 288 N.W.2d at 900. A defendant must show that he was unfairly prejudiced by the joint trial.

█ The information presented in Clark's motion to sever did not go beyond stating that each defendant might attempt to exculpate himself by incriminating his codefendant. Defendants presented no information, prior to the court's ruling on defendants' motions to sever, to support the assertion that their defenses would conflict and prejudice their right to fair trials. As such, the trial court acted properly when it denied defendants' motions for separate trials, but left open the opportunity for a renewed motion and showing that each defendant's right to a fair trial was threatened.

The trial court's ruling complied with our holding in *Belieu* where we stated that "when a defendant makes a pretrial motion to sever which is overruled with leave to renew it when prejudice threatens, the trial court has a continuing duty under rule 6(4)(b) to grant severance if prejudice does appear, provided only that defendant informs or alerts the court in sufficient time to permit consideration of steps to avoid prejudice." *Belieu,* 288 N.W.2d at 899. Clark, apparently as part of his trial strategy, chose not to renew his motion for separate trials. Therefore, we need not decide whether it would have been an abuse of discretion if the trial court had refused to grant severance at any time during or after the trial if a proper motion by defendant

---

1. As it turned out, Wiggins chose not to testify during the trial.

had been made.[2] *Compare id.* at 902 (held that the trial court abused its discretion in overruling a defendant's renewed motion to sever during the trial, but expressed no opinion as to whether the court abused its discretion in overruling defendant's initial motion to sever made before the trial began).

Finally, we note that although this case is similar to *Sauls,* there are key distinctions in the evidence available to the two trial courts at the times they ruled on the motions. In *Sauls,* a renewed motion to sever the codefendants' trials had been made at the close of the prosecution's case. *Sauls,* 356 N.W.2d at 517. At this advanced point of the trial, the court had received evidence establishing that the sole contention of each defendant that could be claimed as a defense was that he was innocent and his codefendant was culpable. *Id.* at 518. That was not true in this case.

At the time the trial court ruled on the motion for separate trials in this case there was no factual basis to support granting the motion to sever the trials. Defendants had not demonstrated that their right to fair trials would be prejudiced by a joint trial. If we were to rule otherwise, anytime defendants were scheduled for a joint trial they could avoid it by asserting that they planned to testify against each other. Our case law demands a greater showing before separate trials are required. *See Brown,* 397 N.W.2d at 696; *Belieu,* 288 N.W.2d at 900.

We affirm the decision of the court of appeals and judgment of the district court.

DECISION OF COURT OF APPEALS AND JUDGMENT OF DISTRICT COURT AFFIRMED.

---

2. The record does indicate, however, that Clark was not prejudiced by conflicting defenses. Wiggins presented no evidence in his defense. He waived his opening statement and did not testify. Wiggins' defense was conducted strictly through cross-examination of Clark and the State's witnesses. Further, the cross-examination was largely limited to emphasizing testimony favorable to Wiggins. Little, if any, new testimony was elicited by Wiggins during his cross-examination. Since Clark's codefendant essentially presented no defense, it is difficult for Clark to validly complain that conflicting defenses prejudiced his right to a fair trial.