**STATE of Iowa, Plaintiff-Appellee,**

v.

**James L. TRUESDELL, Defendant–
Appellant.**

**No. 92–955.**

Court of Appeals of Iowa.

Nov. 29, 1993.

Thomas J. O'Flaherty, O'Flaherty Law Firm, Cedar Rapids, for appellant.

Bonnie J. Campbell, Atty. Gen., Chris Odell, Asst. Atty. Gen., Thomas J. Ferguson, County Atty., and Kim Griffith, Asst. County Atty., for appellee.

Considered by DONIELSON, P.J., and SCHLEGEL and SACKETT, JJ.

SACKETT, Judge.

Defendant-appellant James L. Truesdell appeals his conviction following a jury trial for possession with intent to deliver methamphetamine in violation of Iowa Code section 204.402(1)(c) (1991), possession with intent to deliver marijuana in violation of section 204.-401(1)(d), the manufacture of marijuana in violation of section 204.401(1)(d), failure to affix a drug tax stamp on methamphetamine and failure to affix a drug tax stamp on marijuana, both in violation of section 421A.12.

Defendant contends (1) the trial court erred in not suppressing evidence seized under a search warrant; (2) the trial court abused its discretion in not severing his trial from a co-defendant's; (3) the trial court erred in failing to acquit him on two charges; (4) the trial court erred in not making finding police officers were experts; and (5) he received ineffective assistance of trial counsel. We affirm.

A search warrant was issued and drugs, cash, guns and drug paraphernalia were found in a home occupied by Lisa Bertch. Defendant was in the upstairs bedroom of the home when it was searched. Defendant and Bertch were jointly tried. Defendant was convicted on the five charges filed against him.

■ Defendant contends the items seized in the search of Bertch's home should be suppressed. Defendant on appeal advances a number of reasons why his motion to suppress should have been sustained. Of the reasons defendant raises on appeal, only one was advanced at the trial court level. Issues not raised at the trial court level will not be considered on appeal. *See Patchette v. State,* 374 N.W.2d 397, 401 (Iowa 1985).

■ We consider the issue preserved, that being that the warrant did not comply with Iowa Code section 808.3 because the judge failed to make a finding on the credibility of the informant.

The statute governing search warrant applications provides when the grounds for issuance of a warrant are supplied by an informant, the magistrate:

[S]hall include a determination that the information appears credible either because sworn testimony indicates that the informant has given reliable information on previous occasions or because the informant or the information provided by the informant appears credible for reasons specified by the magistrate.

Iowa Code § 808.3.

The required findings need only be made as to confidential informants. *State v. Iowa Dist. Court,* 472 N.W.2d 621, 623 (Iowa 1991); *State v. Weir,* 414 N.W.2d 327, 331 (Iowa 1987); *see also State v. Sykes,* 412 N.W.2d 578, 582 (Iowa 1987).

Nichole Bertch, the informant, was identified in the warrant by name. There being no confidential informant, the required findings were not necessary. *See Iowa Dist. Court,* 472 N.W.2d at 623.

Defendant next contends the trial court abused its discretion in not severing his trial from that of co-defendant Bertch.

■ The general rule is defendants who are charged together are tried together. *State v. Sauls,* 356 N.W.2d 516, 517 (Iowa 1984). Under Iowa Rule of Criminal Procedure 6(4)(b), the trial court can order separate trials if a defendant would be prejudiced by a joint trial. It is the defendant's burden to establish separate trials are necessary to avoid prejudice that would deny a fair trial. *State v. Clark,* 464 N.W.2d 861, 864 (Iowa 1991). We review for an abuse of discretion. *Id.*

■ An accused may be prejudiced by a joint trial if the trial is of such complexity and length that the jury is unable to effectively compartmentalize the evidence against each defendant. *See Clark,* 464 N.W.2d at 863.

■ Defendant advances on appeal his grounds for severance are the lengthy trial and the fragmented presentation of the evidence and the confusing and complicated nature of the trial. Defendant, while claiming prejudice, had done little to illustrate his claimed prejudice. He suggests his argument is apparent from a review of the lengthy record, but makes no reference to where in the record the evidence can be found. A summary of evidence without a citation to the appendix violates Iowa Rule of Appellate Procedure 14(a)(5),(g). *See Tratchel v. Essex Group, Inc.,* 452 N.W.2d 171, 174 (Iowa 1990); *Miller v. International Harvester Co.,* 246 N.W.2d 298, 306 (Iowa 1976).

The jury was given several cautionary instructions on joint trials. Defendant has failed to show on appeal any abuse of discretion by the trial court in refusing to sever his

trial. *See Leonard v. State*, 461 N.W.2d 465, 469 (Iowa 1990).

Defendant next contends the trial court erred in refusing to grant a judgment of acquittal on one of two counts he contends merged. The trial court denied defendant's motion to merge the two counts finding:

> In regard to duplication or a pyramid of charges here, these are obviously separate, distinct offenses of manufacturing and of possession with intent to deliver within the Code. The evidence available to the Court and to the jury will be that there was growing marijuana. There was also marijuana in a bottle, in packages, marijuana that had been taken off of stems.
>
> Again, the Court feels that the evidence is sufficient to allow this jury to find separate and distinct offenses.

Defendant Truesdell's motion is denied.

■ It is irrelevant in this case whether possession with intent to deliver is a lesser-included offense of manufacturing marijuana since the state filed the two charges as *separate* offenses and proved defendant committed them *both* based on the quantity, packaging and location of the drugs in the house and garage.

The trial court charged the jury to consider defendant's guilt separately for each count.

> Both of the Defendants have been charged with five counts. This is just a method for bringing each of the charges to trial. If you find a Defendant innocent or guilty on any one of the five counts you many not conclude guilt or innocence on the other counts. Each Defendant's innocence or guilt must be determined separately on each count.

Defendant has not proven the trial court erred by refusing to merge Counts II and III and submitting both charges to the jury. There is substantial evidence to support the verdict on both counts. We affirm on this issue.

■ Defendant contends the trial court erred in allowing police officers to testify as expert witnesses without first making a finding they were qualified as experts. Defen-

dant claims error was preserved because there is no express finding in the records as to the witnesses' qualifications. Defendant has not shown us where in the record the issue was raised. It is not our responsibility to search the record to determine if the issue has been preserved for review. *Tratchel*, 452 N.W.2d at 174. We need not address the issue. We make no determination of whether the issue has merit.

Defendant's last claim is he was denied effective trial counsel. Established principles govern our review of defendant's Sixth Amendment claim his counsel was ineffective. When considering this claim, our ultimate concern is with "the fundamental fairness of the proceeding whose result is being challenged." *Strickland v. Washington*, 466 U.S. 668, 696, 104 S.Ct. 2052, 2069, 80 L.Ed.2d 674, 699 (1984). In deciding this we must consider whether "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686, 104 S.Ct. at 2064, 80 L.Ed.2d at 692–93. "In examining counsel's conduct we review de novo the totality of relevant circumstances." *State v. Risdal*, 404 N.W.2d 130, 131 (Iowa 1987). "Defendant bears the burden of proving by a preponderance of the evidence that (1) counsel failed to perform an essential duty and (2) prejudice resulted." *Id.* at 131–32.

In proving the first prong of this test, defendant must overcome the strong presumption counsel's actions were reasonable under the circumstances and fell within the normal range of professional competency. *State v. Hildebrant*, 405 N.W.2d 839, 841 (Iowa 1987). To prove the second prong of this test defendant must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 698.

Defendant first claims his trial counsel failed to object to the "prosecutor's argumentative opening statement, allowing prejudicial arguments to come before the jury." Defen-

dant does not specify what part of the prosecutor's opening statement was argumentative or how this statement prejudiced his right to a fair trial.

Defendant again complains the trial court failed to make specific findings on the qualification of officers who testified as expert witnesses and his trial counsel was ineffective for not ensuring that trial court made "findings as to the admissibility of the police expert testimony."

■ Iowa Rule of Evidence 702 does not require the trial court to enter findings that a witness is qualified as an expert, absent an objection by opposing counsel.

■ Counsel is not ineffective for failing to raise a claim without merit. *Thomas v. United States,* 951 F.2d 902, 904 (8th Cir. 1991).

■ Defendant next claims counsel was ineffective for failing to object when officer Lashbrook testified "to essential elements of the crimes charged."

Officer Lashbrook's testimony covered elements of the crime charged.

A properly qualified witness may testify to the customs and practices of those who use or deal in narcotics. *See State v. Ogg,* 243 N.W.2d 620, 621 (Iowa 1976); *State v. Boyd,* 224 N.W.2d 609, 613 (Iowa 1974). But it is improper to permit a witness to express an opinion as to a defendant's guilt on an essential element of a crime. *See Ogg,* 243 N.W.2d at 621; *State v. Droste,* 232 N.W.2d 483, 488 (Iowa 1975). A witness is not permitted to express an opinion as to the ultimate fact of the accused's guilt or innocence. *State v. Myers,* 382 N.W.2d 91, 97 (Iowa 1986); *State v. Oppedal,* 232 N.W.2d 517, 524 (Iowa 1975); *see also Grismore v. Consol. Prod. Co.,* 232

Iowa 328, 361, 5 N.W.2d 646, 663 (Iowa 1942).

*State v. Vesey,* 482 N.W.2d 165, 167 (Iowa App.1991).

The officers did not express an opinion as to the ultimate fact of defendant's guilt. Defendant's attorney had no ground to object to the offered testimony.

■ Defendant next contends his attorney should have objected to evidence defendant was a member of Sons of Silence. Defendant advances no reason why he was prejudiced by the admission of the evidence. Defendant cites no authority to support this argument. We are not required to search the record to verify the facts and actions taken and are warranted in ignoring contentions that are not properly cited. *See Tratchel,* 452 N.W.2d at 174. Defendant fails on this ground.

Defendant's last contention is his trial counsel admitted he was ineffective and did not have adequate time to prepare for trial. Defendant points to statements his trial attorney made in support of motions to sever. We do not interpret these statements as admissions of trial counsel's ineffectiveness. An examination of the record reveals defendant's trial attorney was a vigorous advocate even though evidence against defendant was strong. Defendant has failed to meet the requisite showing to succeed on any of these claims.

**AFFIRMED.**