**STATE of Iowa, Appellee,**

v.

**John William GLESSNER, Jr., Appellant.**

**No. 96–1119.**

Supreme Court of Iowa.

Dec. 24, 1997.

William Sidney Smith, William B. Serangeli, and Jan M. Mohrfeld of Smith Schneider, Stiles, Hudson, Serangeli, Mallaney & Shindler, P.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, Richard J. Bennett, Assistant Attorney General, Lee E. Poppen, County Attorney, and Jeffrey R. TeKippe, Assistant County Attorney, for appellee.

Considered by McGIVERIN, C.J., and LARSON, CARTER, NEUMAN, and ANDREASEN, JJ.

McGIVERIN, Chief Justice.

■ This is a companion case to *State v. Lawler*, 571 N.W.2d 486 (Iowa 1997), in which Myron Lawler and defendant John Glessner, Jr., were tried in a joint jury trial for alleged crimes arising out of events characterized by defendants as a "citizen's arrest," and by the State as unlawful vigilante action. The facts are more specifically set forth in *Lawler*. Lawler and Glessner were found guilty of false imprisonment, and assault, *see* Iowa Code sections 710.7 and 708.2(4) (1995), and appealed their convictions and sentences.

In *Lawler*, we concluded the district court did not abuse its discretion in admitting the testimony of the State's witness, Carmen Gomez. However, we held that the trial court erred in placing the burden of proof on the defendant when it instructed the jury regarding the citizen's arrest justification defense. We, therefore, reversed Lawler's convictions and remanded for a new trial.

Glessner also appeals his convictions and sentence, raising essentially the same issues on appeal as Lawler, including error regarding the citizen's arrest justification jury instruction. Additionally, Glessner argues that the trial court erred in admitting certain testimony offered by the State against Lawler in their joint trial, and that the district court erred in refusing to grant his motions for a separate trial.

In Glessner's present appeal, we conclude as in the *Lawler* appeal that the testimony of the witness Gomez was properly admitted, but that this case must be reversed due to the district court's error in placing the burden of proof on Glessner concerning the citizen's arrest justification defense.

Because they may arise on retrial, we address the issues raised by Glessner concerning admission of the rebuttal testimony of the State's witness, Adrian Mayer.

We review the trial court's rulings on the admission of evidence and on motions for separate trials for abuse of discretion. *State v. Tracy*, 482 N.W.2d 675, 680–81 (Iowa 1992) (admission of evidence); *State v. Clark*, 464 N.W.2d 861, 864 (Iowa 1991) (separate trials).

*I. Testimony of Adrian Mayer.*

■ Before trial, defendant Glessner filed a motion in limine based on anticipated testimony by a witness for the State, Adrian Mayer. The district court granted Glessner's motion in limine, holding that Mayer's testimony, concerning statements Lawler al-

legedly made to Mayer, would only be admissible if Lawler testified. Lawler testified at trial, thus allowing the State to call Mayer as a rebuttal witness. Prior to Mayer taking the witness stand, Glessner renewed his motion and objected to Mayer's testimony on the grounds of hearsay, relevance, undue prejudice, and violation of constitutional due process and fair trial rights. The trial court overruled the objection.

According to Mayer, about one month after an incident involving Lucas Ortega (which was characterized by the State as vigilante action and by the defendants as a citizen's arrest), Lawler referred to that incident during a conversation with Mayer and concluded by stating: "[i]t's amazing how much English they can speak when you threaten to throw them in a lake." This evidence furthered the State's theory that Lawler and Glessner wrongfully seized Ortega to force him to confess to an alleged egg plant burglary.

In conjunction with Mayer's testimony, the trial court orally admonished the jury as follows:

> However, members of the jury, I'm going to give you a warning that the testimony which you may hear concerning statements allegedly made by Mr. Lawler is evidence that you may use only against Mr. Lawler and may not be used against Mr. Glessner since he was not a participant in this conversation.
>
> And you should give this testimony such weight as you determine that it is entitled; but, again, I need to emphasize that this testimony is admissible only in regard to Defendant Myron Lawler and may not be used in any respect against Mr. Glessner.

In addition, the court gave the following written instruction to the jury before it began its deliberations:

> Testimony was received that Defendant Myron Lawler made certain statements to Adrian Mayer after the incident involved

here. Because Defendant John Glessner did not make these statements, nor was he present when they were made, these statements are admissible solely against Defendant Myron Lawler and may not be used by you in any respect against Defendant John Glessner.

On appeal, defendant Glessner claims that the trial court erred in admitting Mayer's testimony. Glessner says that the evidence was inadmissible hearsay, irrelevant, and unfairly prejudicial. *See* Iowa R. Evid. 401, 402, 403, 801. In essence, he contends that the evidence was so prejudicial that the cautionary instructions were not sufficient to alleviate that prejudice, and that there was nothing the court could have told the jury that would have removed that prejudice. Defendant thus contends he was deprived of his rights to due process and a fair trial under the Fifth Amendment of the United States Constitution and article I, section 9 of the Iowa Constitution. However, he does not argue the latter points further other than to contend that Mayer's testimony was irrelevant and unfairly prejudicial under Iowa Rules of Evidence 401, 402 and 403.

We first note that this case does not present a *Bruton*-type problem where a defendant cannot cross-examine a co-defendant as to the co-defendant's alleged hearsay statements.[1] *See Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968); *State v. Puffinbarger*, 540 N.W.2d 452, 457–58 (Iowa App.1995) (confrontation clause precludes admissibility of a non-testifying co-defendant's admission incriminating the other defendant, as well as confessions, interpreting *Bruton* ). *See also State v. Jefferson*, 574 N.W.2d 268, —— (Iowa 1997). Glessner concedes he had an opportunity to cross-examine Lawler. We thus need only determine whether Glessner has shown his rights were unfairly prejudiced by the admission of Mayer's testimony.

As noted earlier, the trial court twice gave clear instructions to the jury emphasizing

---

**1.** Glessner does rely on *Bruton,* as support for his argument that a limiting or cautionary instruction may not be sufficient to alleviate prejudice. We find the discussion in *Bruton* regarding prejudice is not relevant to this case. This is because the co-defendant in *Bruton* did not testify in the joint trial and thus was not available for cross-examination. *Bruton v. United States,* 391 U.S. 123, 136, 88 S.Ct. 1620, 1628, 20 L.Ed.2d 476, 485 (1968). Here, however, Glessner had an opportunity to recall Lawler for cross-examination, but chose not to.

that Mayer's testimony could not be used in any respect against Glessner. We believe the jury was able to comprehend and obey these instructions. Because there is no showing under this record that the jury disregarded the court's instructions or that Glessner was prejudiced by the testimony, we conclude that there was no reversible error by the trial court in admitting Mayer's testimony. *See State v. Morrison,* 368 N.W.2d 173, 176 (Iowa 1985) ("A jury is presumed to have followed its instruction absent evidence to the contrary."); *State v. Conner,* 314 N.W.2d 427, 429 (Iowa 1982) ("Only in extreme cases will such a cautionary instruction be deemed insufficient to remove the danger of prejudice.").

## II. Motion for separate trials.

In the alternative, Glessner contends that the trial court erred in denying his motion for a separate trial. A motion requesting severance must be filed no later than forty days after arraignment. Iowa R.Crim. P. 10(2)(e), (4). Failure to timely file the motion constitutes a waiver unless the court for good cause shown grants relief from such waiver. Iowa R.Crim. P. 10(3).

 In this case, defendant Glessner filed his motion for separate trials on April 30, 1996, one week prior to trial, and well over forty days from the filing of the written arraignment on August 28, 1995. The court overruled the motion, noting that it was not timely, and that the length and difficulties associated with separate trials were factors weighing against Glessner's motion. Glessner renewed his motion at the time of Mayer's testimony, asserting that the testimony was so prejudicial that he could not receive a fair trial unless the court ordered a separate trial. The court denied the motion.

Having reviewed the record, we find no facts that show Glessner had good cause for failing to timely file his motion and that the court properly denied the motion. We therefore agree with the State that Glessner waived his claim regarding separate trials and need not consider the matter further.

## III. Disposition.

We conclude that the trial court properly admitted Mayer's testimony and properly denied Glessner's motions for a separate trial. However, for the reasons discussed above and in *Lawler,* we reverse Glessner's convictions and sentences and remand for a new trial.

**REVERSED AND REMANDED.**