# IN THE COURT OF APPEALS OF IOWA

No. 13-1059
Filed May 29, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**GEOFFREY THAYER OWENS,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Marshall County, James C. Ellefson, Judge.

        A defendant appeals his judgment and sentence for various drug-related crimes, contending the district court erred in denying his motion to suppress evidence. **AFFIRMED.**

        Mark C. Smith, State Appellate Defender, and Rachel C. Regenold, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, Darrel Mullins, Assistant Attorney General, Jennifer Miller, County Attorney, and James Scheetz, Assistant County Attorney, for appellee.

        Considered by Vaitheswaran, P.J., and Tabor and Bower, JJ.

**VAITHESWARAN, P.J.**

Geoffrey Owens appeals his judgment and sentence for various drug-related crimes.  He contends the district court erred in denying his motion to suppress evidence.

## I.    *Background Facts and Proceedings*

A Marshall County deputy sheriff applied for a search warrant for a specified address in Marshalltown.  He based the application, in part, on information provided to him by a confidential informant.  The informant identified Geoffrey Owens as the occupant of the property and his mother as its owner. The informant reported a marijuana growing operation on the premises, identified an associate who assisted with the operation, described the marijuana plants, and provided a detailed map of the plantings.

The deputy sheriff observed the property and confirmed the existence of approximately twenty harvested marijuana plants.  The plants showed signs that they were cultivated rather than wild.

The district court granted the search warrant application.  A subsequent search of the property uncovered harvested and processed marijuana.

The State charged Owens with ongoing criminal conduct, second-degree theft, possession and/or introduction of contraband into a correctional institution, failure to affix a drug tax stamp, manufacturing marijuana and/or possession of marijuana with intent to manufacture, possession of marijuana with intent to deliver, and prohibited acts.  The State also sought a sentencing enhancement based on a prior drug conviction.

Owens moved to suppress the evidence gained in the search on the ground that the search warrant was not supported by probable cause. The district court denied the motion.

Owens stipulated to a trial on the minutes of testimony, and the district court found him guilty as charged and imposed sentence. Owens appealed.

## II. Suppression Ruling

Owens contends "[t]he district court erred in finding that the informant or the information provided established probable cause." He asserts the informant's credibility was not established because the informant "had never provided information before and was seeking leniency or payment in exchange for the information."

Iowa Code section 808.3 (2011) addresses search warrant applications that are supported by information from confidential informants. Prior to a 1998 amendment, the issuing magistrate was required to make a specific determination that "the information appears credible either because sworn testimony indicates that the informant has given reliable information on previous occasions or because the informant or the information provided by the informant appears credible for reasons specified by the magistrate." *See* Iowa Code § 808.3 (1997); *see also* 1998 Iowa Acts ch. 1117, § 1; *State v. Myers*, 570 N.W.2d 70, 73 (Iowa 1997). That strict requirement has been changed. The section now provides in pertinent part:

> [I]f the grounds for issuance [of a warrant] are supplied by an informant, the magistrate shall identify only the peace officer to whom the information was given. *The application or sworn testimony supplied in support of the application must establish the*

> *credibility of the informant or the credibility of the information given by the informant.*

Iowa Code § 808.3 (2011) (emphasis added). "Our review of the district court's determination concerning the statutory sufficiency of the search warrant is for correction of errors at law." *Myers*, 570 N.W.2d at 72.

We discern no error because the "credibility of the information given by the informant" was tested by the deputy sheriff. Specifically, the confidential informant described the locations of the cultivated marijuana, and the deputy found one of those locations. That discovery alone was sufficient to corroborate the informant's information and establish its credibility. The fact that other information was not corroborated and that some of the information was a matter of public record matters little where the informant's key information—the maintenance of a marijuana growing operation on the property—was corroborated.

We affirm the district court's denial of Owens's motion to suppress and his conviction, judgment, and sentence.

**AFFIRMED.**