# IN THE COURT OF APPEALS OF IOWA

No. 13-1229
Filed October 29, 2014

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**CLIFFORD LYNN MCNEAL,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Wapello County, Daniel P. Wilson (suppression) and Lucy J. Gamon (trial and sentencing), Judges.

Clifford Lynn McNeal appeals his conviction for theft in the third degree, claiming the district court erred in denying his motion to suppress. **REVERSED AND REMANDED.**

Christopher R. Kemp of Kemp & Sease, Des Moines, for appellant.

Thomas J. Miller, Attorney General, Mary A. Triick, Assistant Attorney General, Lisa Moressi, County Attorney, and Andrew J. Ritland, Assistant County Attorney, for appellee.

Considered by Vaitheswaran, P.J., and Tabor and Bower, JJ.

**BOWER, J.**

Clifford Lynn McNeal appeals his conviction for theft in the third degree. McNeal claims the district court erred in denying his motion to suppress evidence discovered during a search of his trailer. He contends the search warrant was not supported by probable cause because the anonymous tip that led the police to the trailer was unreliable and the testimony of the known informant did not establish a connection to the trailer. He also claims the district court should not have relied upon his prior criminal history when deciding whether to approve the warrant.[1]

We find, the record shows the anonymous tip was unreliable as it did not contain any information regarding concealed illegality, and it exclusively focused on innocent details that could have been discovered by any member of the general public. When we exclude the anonymous tip information, there is no probable cause to support the warrant. Thus, the fruits of the search must be suppressed. We reverse and remand for a new trial.

**I. Background Facts and Proceedings**

McNeal was the final recipient of several tools stolen by two other men, Michael Jones and John Wey. The police arrested Jones on drug charges and also interviewed him about a string of burglaries in the area. After Jones entered into a cooperation agreement with the police, he stated most of the stolen

---

[1] McNeal also claims his counsel rendered ineffective assistance at trial. Because we have reversed his conviction, we do not address his ineffective assistance of counsel claims.

equipment had been sold to McNeal. After the police obtained a search warrant, they discovered the stolen tools in a trailer owned by McNeal.

According to the affidavit filed in support of the warrant application, after Jones and Wey acquired tools, they would bring the tools to McNeal at his place of business. Once McNeal had selected the tools he was interested in purchasing, they would take the tools to a second location, one McNeal owned, and McNeal would load the tools into a secure structure on the second property. Jones also informed the police he was certain McNeal had moved the stolen property from the secure structure, but Jones did not indicate where the stolen property was currently located.

Shortly thereafter, the police received an anonymous tip that McNeal had recently moved an enclosed trailer to a rural location outside of town. The tipster gave identifying information, such as the color of the trailer and the fact a ladder was attached to the side. The police located the trailer in a field approximately 150 to 200 yards from the road and checked the license plate against the Iowa Department of Transportation database. They learned the trailer was registered to a company owned by McNeal.

Based upon the verified details of the anonymous tip, Jones's statement the stolen property had recently been moved, and McNeal's criminal history, police obtained a search warrant for the trailer. The stolen tools were located inside.

McNeal filed a motion to suppress the evidence discovered during the search of the trailer and, later, an addendum to the motion to suppress. In the

addendum McNeal claimed the search warrant was invalid under the Fourth Amendment of the United States Constitution, Article I, Section 8 of the Iowa Constitution, and also the warrant failed to meet the requirements of Iowa Code section 808.3 (2011). McNeal challenged the reliability of the anonymous informant, the issuing court's reliance on his criminal history and Jones's statements were not related to McNeal's trailer. The district court denied the motion to suppress and, after a jury trial, McNeal was convicted.

## II.     STANDARD OF REVIEW

"We review claims the district court failed to suppress evidence obtained in violation of the federal and state constitutions de novo." *State v. Dewitt*, 811 N.W.2d 460, 467 (Iowa 2012), *amended on denial of rehearing*, (Apr. 06, 2012). "When presented with such a claim, 'we make an independent evaluation [based on] the totality of the circumstances as shown by the entire record.'" *State v. Kurth*, 813 N.W.2d 270, 272 (Iowa 2012) (quoting *State v. Krogmann*, 804 N.W.2d 518, 522 (Iowa 2011)). "Each case must be evaluated in light of its unique circumstances." *Id.* at 523.

## III.    DISCUSSION

**A. Motion to Suppress—Preservation of Error.** McNeal claims his motion to suppress should have been granted for three reasons. First, he contends the anonymous informant was unreliable and the tip contained no indicia of reliability, accordingly there was no probable cause to support the warrant. Second, he claims the district court should not have relied upon his criminal history when deciding whether there was probable cause. Finally, he

claims Jones's statements in support of probable cause contain no connection to the trailer. The State contends McNeal did not properly preserve error on his arguments.

Issues not raised in the district court are waived. *State v. Sanford*, 814 N.W.2d 611, 620 (Iowa 2012). Normally, an adverse ruling on a motion to suppress is sufficient to preserve the issue for our review. *See State v. Lovig*, 675 N.W.2d 557, 562 (Iowa 2004). We prefer to allow a litigant to assert any possible arguments on appeal. *State v. Fowler*, 268 N.W.2d 220, 223 (Iowa 1978).

The State claims McNeal did not raise the issues now raised on appeal in his motion to suppress. We disagree. We recognize the motion itself is limited in scope, asserting in conclusory language that the warrant was invalid. The addendum to the motion, however, does outline the arguments currently before this court. While it is true the addendum focuses on Iowa Code section 808.3 and incorrectly stated the magistrate was required to make credibility—rather than reliability—determinations when issuing the warrant, it nevertheless discusses the appellate issues, including the alleged deficiencies in the informant's tip.[2] Further, the district court understood the motion as we do and

---

[2] In the addendum, McNeal cites Iowa Code section 808.3. Prior to the 1998 amendment to section 808.3, the section required specific credibility determinations. 1998 Iowa Legis. Serv. Ch. 117 (West). The cases relied upon by McNeal discuss the pre-1998 version of the statute. *See State v. Beckett*, 532 N.W.2d 751 (Iowa 1995); *State v. Myers*, 570 N.W.2d 70 (Iowa 1997). Today, section 808.3 requires the testimony in support of the application to establish the credibility of the informant or the credibility of the information given by the informant.

found probable cause based, in part, upon the reliability of the anonymous informant.

**B. Anonymous Informant.** Probable cause to search was based, in part, upon an anonymous tip given to police. The tip was summarized by the officer who received it. The tipster identified a trailer by its outward appearance, including its color and the presence of a ladder on the outside, and claimed the trailer had been recently moved to a rural location by McNeal. The tip did not, among other things, provide any information on the contents of the trailer. Acting on the tip, the police corroborated the appearance details and also discovered the ownership of the trailer. But they did not corroborate the tipster's information regarding the recent movement of the trailer, or discover any information about the contents of the trailer.

Our supreme court has recognized a rebuttable presumption that information from citizen informants is generally reliable. *State v. Walshire*, 634 N.W.2d 625, 629 (Iowa 2001). An anonymous tip alone, however, is not normally sufficiently reliable to support a finding of probable cause. *State v. Kern*, 831 N.W.2d 149, 175 (Iowa 2013). "[A] significantly corroborated and verified anonymous tip has been held sufficient by the United States Supreme Court under the Fourth Amendment." *Id. (citing Alabama v. White*, 496 U.S. 325, 331–32 (1990) ("[I]f a tip has a relatively low degree of reliability, more information will be required to establish the requisite quantum of suspicion than would be required if the tip were more reliable.")).

In *Florida v. J.L.*, 529 U.S. 266, 268 (2000), the United States Supreme Court analyzed the circumstances of an anonymous tipster informing the police that a young male was standing at a particular place, he was wearing a plaid shirt, and he was carrying a gun. Utilizing the *White* precedent, the *J.L.* Court held the tip lacked "the moderate indicia of reliability" found in *White* because the tip contained no predictive information that might be used by police to test the informant's credibility.[3] 529 U.S. at 271. Measuring the reasonableness of the officer's actions based upon what they knew at the time of the stop, and not based upon what they later learned because of the stop, the Court found the tip to be insufficient—the tipster did not give the police any explanation of how he knew about the illegality or any basis for believing the tipster somehow obtained inside information. *Id.* To be sufficiently reliable, the tip must "be reliable in its assertion of illegality, not just in its tendency to identify a determinate person." *Id.*

Our supreme court recently expressed similar concerns regarding an anonymous tip in *State v. Kooima*, 833 N.W.2d 202 (Iowa 2013). In *Kooima*, police received an anonymous tip from a restaurant patron who claimed to have seen several men drinking before the men left the restaurant in a motor vehicle. 833 N.W.2d at 204. Acting on the tip, the police followed the vehicle and, despite observing no traffic violations, stopped the vehicle. *Id.* at 204–05. Our supreme

---

[3] *J.L.* concerned reasonable suspicion for a stop, a lesser standard than probable cause. If a tip cannot pass muster under the reasonable suspicion test, it would fall far short of establishing probable cause. (*See State v. Kooima*, 833 N.W.2d 202, 206 (Iowa 2013), *cert. denied*, 134 S. Ct. 1934 (2014) (discussing differences in reasonable suspicion test and probable cause test)).

court engaged in a lengthy discussion of *White*, *J.L.*, and other similar cases ruling the tip was insufficient to support the stop as the tip only contained information available to any member of the public while containing no predictive information that might indicate the tipster's inside knowledge. *Id.* at 211. "For the tip to give rise to reasonable suspicion . . . the tip must have some indicia of reliability in its assertion of illegality." *Id.* at 207.

The tip provided to the police in this case also lacks the requisite indicia of reliability. The verifiable information was available to any member of the general public who happened upon the trailer or knew such a trailer was owned by McNeal. Nothing in the tip showed reliability with regards to illegality. *See id.* at 207. The police were not given any way of understanding how the tipster knew the trailer contained stolen property. Nor did the tip include any predictive information that might indicate the tipster had inside knowledge of McNeal's illegal activity. The tipster's assertion the trailer had recently been moved, which did match other allegations McNeal had recently moved the stolen property, was both untestable and could have been discovered by a member of the general public. Lacking sufficient indicia of reliability to support reasonable suspicion under *J.L.* and *Kooima*, we find the tip insufficient under the requisite probable cause standard.

We also find, even assuming the magistrate was entitled to rely upon McNeal's previous convictions and the information provided by Jones, there was insufficient evidence to support probable cause. The information provided by Jones had no connection to the trailer. Without probable cause, the warrant is

invalid and the fruits of the search of the trailer should have been suppressed under the fruit of the poisonous tree doctrine. *Wong Sun v. United States*, 371 U.S. 471, 484–85 (1963). Accordingly, we reverse and remand for a new trial.

**REVERSED AND REMANDED.**