# IN THE COURT OF APPEALS OF IOWA

No. 24-0134
Filed March 19, 2025

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JAMES LEON TATE,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Mark Fowler, Judge.

A defendant appeals his convictions following conditional guilty pleas, challenging the denial of his motion to compel evidence involving a confidential informant. **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, Josh Irwin, Assistant Appellate Defender, and Rosemary Adams, Law Student, for appellant.

Brenna Bird, Attorney General, and Linda J. Hines, Assistant Attorney General, for appellee.

Heard at oral argument by Tabor, C.J., and Schumacher and Chicchelly, JJ.

**SCHUMACHER, Judge.**

James Tate appeals his convictions following conditional guilty pleas to three controlled substance violations. On appeal, he challenges the denial of his motion to compel. We determine that Tate failed to preserve error on his argument that "the magistrate failed to make credibility determinations in the order granting the search warrant concerning the confidential informant." We therefore affirm without reaching the merits of Tate's appeal.

## I.    Background Facts and Proceedings

In late November 2022, a detective from the Davenport Police Department presented an application for a search warrant of Tate's home and other property to a magistrate. Attached to the application, the detective submitted an affidavit attesting to facts the detective claimed established probable cause for issuing the warrant. These facts included information obtained from a confidential informant and described three controlled buys, which the police department conducted with the confidential informant's assistance.

The affidavit contained testimony that each controlled buy was "observed and confirmed" on a recording captured by an "audio/video recording device" that the police provided to the informant before each transaction. The detective also submitted an attachment setting forth factors to support the reason the informant's name was confidential as well as the detective's basis for considering the informant's information to be truthful, including that the informant had supplied information three times in the past that was the basis for five search warrant applications, that the informant had not supplied false information in the past, and

the information supplied had been corroborated by law enforcement. The magistrate approved the application and issued the warrant.

On December 2, police officers searched Tate's home. The search uncovered illegal drugs and supplies known for use in drug distribution. Based on the fruits of the search, the State charged Tate by trial information with six counts of drug-related charges with sentencing enhancements for habitual offenders. Tate entered an initial plea of not guilty.

Tate later filed a motion to compel, seeking disclosure of the informant's identity, the controlled-buy recordings, or both. The basis for Tate's motion was his claim that no controlled buy ever occurred. Tate claimed disclosure was necessary to "evaluate this case and determine whether or not a basis exists for a *Franks* motion[1] or similar motion to attack the warrant which would conclude this matter short of a trial proceeding." The State resisted, and the district court held a hearing on the motion, after which the district court denied Tate's motion to compel. Tate did not file a motion to suppress or a *Franks* motion.

Following the denial, Tate conditionally pled guilty on three counts: possession with intent to deliver cocaine, in violation of Iowa Code section 124.401(1)(c)(2)(b) (2022), as a habitual offender; possession with intent to deliver cocaine base, in violation of Iowa Code section 124.401(1)(c)(3); and possession with intent to deliver marijuana, in violation of Iowa Code section 124.401(1)(d). The conditional guilty plea reserved Tate's right to appeal

---

[1] *Franks v. Delaware*, 438 U.S. 154 (1978). A *Franks* motion is a challenge to the truthfulness of statements contained in a search warrant affidavit. *State v. Groff*, 323 N.W.2d 204, 206–08 (Iowa 1982).

the district court's ruling on his motion to compel. On November 20, 2023, the district court accepted Tate's conditional pleas, entering the judgment and sentence from which Tate now appeals.

## II.     Jurisdiction

Tate asserts this court has jurisdiction to hear his appeal from a conditional guilty plea. The State does not contest this assertion. The ability of a defendant to enter a conditional guilty plea, effective July 1, 2023, enables a defendant to "preserve their potential appellate challenges to adverse rulings on a pretrial motion." *State v. Scullark*, No. 23-1218, 2024 WL 3886203, at *2 (Iowa Ct. App. Aug. 21, 2024). Iowa Code section 814.6(3) provides, "An appellate court shall have jurisdiction over only conditional guilty pleas that comply with this section and when the appellate adjudication of the reserved issue is in the interest of justice."

As the "interest of justice" is not defined in the rule, Tate directs us to the common meaning—"[t]he proper view of what is fair and right in a matter in which the decision-maker has been granted discretion." *Interests of Justice*, *Black's Law Dictionary* (12th ed. 2024). He also notes that in other contexts the phrase means that something serves the purpose of the overall statutory scheme. *See, e.g.*, *State v. Veverka*, 938 N.W.2d 197, 204 (Iowa 2020) (evidentiary rules); *River Excursions, Inc. v. City of Davenport*, 359 N.W.2d 475, 477 (Iowa 1984) (interlocutory appeals).

Tate proposes allowing his appeal to proceed serves the interest of justice for two reasons. First, because his ability to appeal was part of the consideration underlying his plea agreement, Tate asserts adjudication is essential to providing him with the full benefit of his bargain. Second, because this court can grant Tate

the legal relief he seeks, Tate claims our review would serve the general purpose of the good cause requirement necessary to establish the right to appeal following a non-conditional guilty plea, which also arises from section 814.6. *See* Iowa Code § 814.6(1)(a)(3); *State v. Treptow*, 960 N.W.2d 98, 109 (Iowa 2021) (indicating that by way of deductive reasoning "good cause" means "a reason that would allow a court to provide some relief").

We are mindful that the text of section 814.6(3) contains a limiting principle. *See* Iowa Code § 814.6(3) (limiting appellate jurisdiction to "only conditional guilty pleas . . . when the appellate adjudication . . . is in the interest of justice"). The fact that a defendant reserves the right to appeal an issue in a conditional guilty plea does not alone impose appellate jurisdiction. *See id.*

We lack guidance on what circumstances would violate that limiting principle. *See State v. Sampson*, 14 N.W.3d 152, 155 n.2 (Iowa Ct. App. 2024) ("[W]e are without the benefit of case law on what qualifies as 'in the interest of justice' under this statute."). Under the circumstances here, and without dispute by the State, we are not moved to find a lack of jurisdiction; we determine Tate's reservation of the right to challenge the district court ruling on his motion to compel disclosure of the informant's identity, the recordings, or both satisfies the statute and grants this court jurisdiction to hear Tate's appeal. *See id.*

### III. Error Preservation

The State contests error preservation on Tate's challenge to the search warrant issuance. The State argues Tate did not raise a challenge to the search warrant's validity or issuance in the court below and did not condition his plea on such a challenge on appeal. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa

2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal.").

Tate maintains his arguments are properly before our court. He argues that "the district court erred in denying Tate's request for review of videos purportedly showing controlled drug purchases underlying the State's application for search warrant, because no magistrate made a finding the confidential informant was credible and discrepancies in the application require closer scrutiny."

We begin by highlighting Iowa Code section 808.3, which governs warrant applications that are supported by information from confidential informants. Prior to a 1998 amendment, the issuing magistrate was required to make a specific determination that "the information appears credible either because sworn testimony indicates that the informant has given reliable information on previous occasions or because the informant or the information provided by the informant appears credible for reasons specified by the magistrate." *See* Iowa Code § 808.3 (1997); *see also* 1998 Iowa Acts ch. 1117, § 1; *State v. Myers,* 570 N.W.2d 70, 73 (Iowa 1997). The section now provides in pertinent part:

> [I]f the grounds for issuance [of a warrant] are supplied by an informant, the magistrate shall identify only the peace officer to whom the information was given. *The application or sworn testimony supplied in support of the application must establish the credibility of the informant or the credibility of the information given by the informant.*

Iowa Code § 808.3(2) (2022) (emphasis added); *see State v. Owens*, No. 13-1059, 2014 WL 2343772, at *1 (Iowa Ct. App. May 29, 2014). But Tate did not challenge the magistrate's application of this statute to the search warrant in front of the

district court. On appeal, Tate's argument is supported only by his claim that the magistrate who granted the search warrant did not make an adequate credibility and probable cause finding before warrant issuance. He provides no citation to the record where such a challenge was presented to the district court. *See* Iowa R. App. P. 6.903(2)(a)(8)(1). We conclude this issue was not preserved.

We turn to Tate's alternate argument related to an in-camera review. Despite his claim that the district court denied Tate's request for in-camera review of the recordings in lieu of disclosure, Tate has not pointed us to any place in the record where such a request was made. *See id.* Because this alternative to disclosure was not presented to the district court either in Tate's motion or during the hearing, we will not consider it here.

Tate's failure to challenge the warrant or its issuance, and Iowa's well-established law on error preservation, drive the results of this appeal. Without considering Tate's unpreserved argument on whether a "magistrate passed on the veracity of police assertions about the informant," Tate has provided no legal authority supporting his argument that the district court applied the wrong standard in ruling on the motion to compel. "Failure to cite authority in support of an issue may be deemed waiver of that issue." Iowa R. App. P. 6.903(2)(a)(8)(3). Because the only legal authority supporting Tate's argument on appeal goes to Tate's unpreserved challenge, Tate's appeal would require us to undertake a partisan role and perform research and advocacy to reach the merits of the case. *See State v. Lange*, 831 N.W.2d 844, 846–47 (Iowa Ct. App. 2013). We decline to assume that role. *Id.* at 847. We therefore do not reach the merits of Tate's appeal.

**AFFIRMED.**